■ JONG CHAN LEE, Appellant, v SALVATORE BONAVITA et al., Respondents. [627 NYS2d 373] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered December 14, 1994, which, insofar as appealed from, denied plaintiff's motion for summary judgment on the issue of liability, unanimously affirmed, without costs. Appeal from decision of the same court and Justice, entered September 21, 1994, dismissed as taken from a nonappealable paper, without costs.

Plaintiff was walking by an unoccupied commercial building and, when he stopped to watch the renovations that were being done, was struck in the eye by a nail that bounced or ricocheted off the wall it was being hammered into by one of the contractor's workers. The site was at the time completely open, with no barrier of any kind between the work site and sidewalk pedestrians. A yellow tape, called a construction caution, did, however, provide some degree of warning. Plaintiff's contention that defendants, by not protecting the public and taking appropriate safety precautions, were negligent as a matter of law is without merit, there being an issue of fact whether plaintiff himself was careless when, instead of simply walking by the storefront, he chose to halt within six or seven feet of a worker at a construction site and, notwithstanding the presence of a yellow caution tape and the inherent risks involved in remaining in close proximity to a construction site, continued to stand there for some minutes before he was struck by the flying nail. The doctrine of res ipsa loquitur, also invoked by plaintiff, is applicable only upon a demonstration that the event could not have been caused by any voluntary action or contribution on the part of the injured party (*Ebanks v New York City Tr. Auth.*, 70 NY2d 621, 623). Concur—Rubin, J. P., Kupferman, Asch and Tom, JJ.