■ ALEXANDER MCCRORIE et al., Respondents, v PERGAMENT HOME CENTERS, INC., Appellant. [646 NYS2d 697] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Brucia, J.), dated September 1, 1995, which granted the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendant as against the weight of the evidence, and directed a new trial.

Ordered that the order is reversed, on the law and the facts, with costs, the motion is denied, and the verdict is reinstated.

The plaintiff Alexander McCrorie was injured when two boxes fell on his head from an overstock shelf in the defendant retail store. The jury was instructed, *inter alia,* on the theory of res ipsa loquitur, and returned a verdict in favor of the defendant.

The rule of res ipsa loquitur does not create a presumption in favor of the plaintiffs, but permits an inference of negligence to be drawn. "The rule has the effect of creating a prima facie case of negligence sufficient for submission to the jury, and the jury may—but is not required to—draw the permissible inference" (*Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, 226). It was the plaintiffs' burden to prove not merely that Alexander McCrorie was injured by the negligence of an unidentified party, but that it was the defendant who was negligent (*see, Corcoran v Banner Super Mkt.,* 19 NY2d 425, 431, *as amended* 21 NY2d 793).

In considering the plaintiffs' motion to set aside the verdict as against the weight of the evidence, the standard to be applied was whether the evidence so preponderated in favor of the plaintiffs that the verdict could not have been reached on any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets,* 86 NY2d 744, 746; *Moffatt v Moffatt,* 86 AD2d 864, *affd* 62 NY2d 875). A review of the evidence in this case demonstrates that a fair basis existed for the verdict in the defendant's favor and, therefore, the court erred in granting the plaintiffs' motion. Miller, J. P., Ritter, Santucci and Altman, JJ., concur.