■ DONNA CROCKETT et al., Respondents, v MID-CITY MANAGEMENT CORPORATION, Defendant, and MID-STATE MANAGEMENT CORPORATION, Appellant. [812 NYS2d 600]—

In an action to recover damages for personal injuries, etc., the

defendant Mid-State Management Corporation appeals from an interlocutory judgment of the Supreme Court, Queens County (Hart, J.), dated February 24, 2005, which, upon the granting of the plaintiffs' motion pursuant to CPLR 4404 (a) set aside a jury verdict in its favor and against the plaintiffs on the issue of liability and for judgment as a matter of law, is in favor of the plaintiffs and against it on the issue of liability.

Ordered that the interlocutory judgment is reversed, on the law, with costs, the motion is denied, and the verdict is reinstated.

A trial court should grant a party's motion to set aside a jury verdict as a matter of law only when the trial court finds that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury (*see Cohen v Hallmark Cards*, 45 NY2d 493 [1978]; *Shpritzman v Strong*, 248 AD2d 524 [1998]; *Dolitsky v Bay Isle Oil Co.*, 111 AD2d 366 [1985]). While res ipsa loquitur permits the inference that a plaintiff's injuries resulted from a defendant's negligence, the use of res ipsa loquitur does not relieve the plaintiff of the burden of proof (*see Weeden v Armor El. Co.*, 97 AD2d 197, 204 [1983]). Rather, its effect is to make out a prima facie case, and the jury may, but in no way must, infer negligence and conclude that the preponderance of proof is with the plaintiff (*see Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226 [1986]). The jury has great latitude in a case involving res ipsa loquitur and "[e]ven where defendant offers no proof, it is still for the jury to decide, on plaintiff's proof, whether liability has been established" (*Weeden v Armor El. Co., supra* at 204 [internal quotation marks omitted]). It is the rare case in which a plaintiff will be entitled to judgment as a matter of law on the ground that the prima facie proof is so convincing that the inference arising therefrom is inescapable if not rebutted by other evidence (*see Foltis, Inc. v City of New York*, 287 NY 108, 121 [1941]; *Weeden v Armor El. Co., supra; see also Capolongo v Giant Carpet*, 292 AD2d 331 [2002]; *Vaynberg v Provident Operating Corp.*, 269 AD2d 442 [2000]). Under the circumstances of this case, the occurrence of the plaintiff Donna Crocket's accident, even though unexplained, failed to create the unescapable inference that the appellant was negligent (*see e.g. Shinshine Corp. v Kinney Sys.*, 173 AD2d 293, 294 [1991]). Accordingly, the jury verdict had a rational basis, and the Supreme Court erred in setting it aside and awarding judgment to the plaintiffs as a matter of law (*see Cohen v Hallmark Cards, supra; Darmetta v Ginsburg*, 256 AD2d 498 [1998]). Adams, J.P., Santucci, Fisher and Dillon, JJ., concur.