■ HELEN MARSZALKIEWICZ, Appellant, v WATERSIDE PLAZA, LLC, Respondent. [826 NYS2d 34]—

Order, Supreme Court, New York County (Richard F. Braun, J.); entered March 20, 2006, which, to the extent appealed from, granted defendant's motion for summary judgment dismissing the complaint against it, unanimously affirmed, without costs.

Plaintiff, a resident of defendant's building, sustained injury when allegedly defective automatic sliding doors in the lobby closed on her and caused her to fall. Defendant moved for summary dismissal on the ground, inter alia, that it had no notice of any alleged defect with respect to these doors. In support, defendant offered the deposition of its director of maintenance

who stated that during the two years prior to the incident, no work had been performed on the door, its frame or the closing mechanism, and that he had not been advised of any complaints regarding its proper functioning. An officer of the company responsible for servicing the door further testified that defendant had made no service calls for the door in the year prior to this accident.

Contrary to plaintiff's contention, this evidence was sufficient to establish defendant's prima facie entitlement to judgment as a matter of law (*see e.g. Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Tiano v Nick's Lobster & Seafood Rest. & Clam Bar*, 300 AD2d 469 [2002]). Plaintiff failed to raise a triable issue of fact as to defendant's actual or constructive notice of the alleged defect.

Plaintiff's reliance on the doctrine of res ipsa loquitur is misplaced because she failed to demonstrate that the automatic door was in defendant's exclusive control (*see Ebanks v New York City Tr. Auth.*, 70 NY2d 621 [1987]; *Fetterly v Golub Corp.*, 300 AD2d 1056 [2002]), or that her alleged injury could not have been caused by any voluntary action or contribution on her part (*see Jong Chan Lee v Bonavita*, 216 AD2d 8 [1995]). Concur—Andrias, J.P., Saxe, Nardelli, Sweeny and McGuire, JJ.