JOY ADRIENNE KEYSER et al., Respondents, v KB TOYS, INC., et al., Appellants. [918 NYS2d 134]—

The plaintiff Joy Adrienne Keyser allegedly was injured when boxes fell on her from an overstock shelf in a KB Toys store. The jury was instructed, inter alia, on the theory of res ipsa loquitur, and returned a verdict in favor of the defendants.

The doctrine of res ipsa loquitur permits an inference of negligence to be drawn solely from the happening of the accident upon the plaintiff's showing that the event is of the kind which ordinarily does not occur in the absence of negligence and was caused by an agency or instrumentality within the exclusive control of the defendant without any voluntary action or contribution on the part of the plaintiff (*see Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226 [1986]). "The rule has the effect of creating a prima facie case of negligence sufficient for submission to the jury, and the jury may—but is not required to—draw the permissible inference" (*id.* at 226; *see Ebanks v New York City Tr. Auth.*, 70 NY2d 621, 623 [1987]; *Crockett v Mid-City Mgt. Corp.*, 27 AD3d 611, 612 [2006]). "[T]he use of res ipsa loquitur does not relieve the plaintiff of the burden of proof" (*Crockett v Mid-City Mgt. Corp.*, 27 AD3d at 612). "The jury has great latitude in a case involving res ipsa loquitur and '[e]ven where defendant offers no proof, it is still for the jury to decide, on plaintiff's proof, whether liability has been established' " (*id.* [citation omitted]).

In considering that branch of the plaintiffs' motion which was to set aside the verdict as contrary to the weight of the evidence, the standard to be applied was whether the evidence so preponderated in favor of the plaintiffs that the verdict could not have been reached on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Nicastro v Park*, 113 AD2d 129, 134 [1985]). In making this determination, the Court must proceed with considerable caution, "for in the absence of indications that substantial justice has not been done, a successful litigant is entitled to the benefits of a favorable jury verdict" (*Nicastro v Park*, 113 AD2d at 133).

A review of the evidence in this case demonstrates that a fair interpretation of the evidence supported the verdict in favor of the defendants and, therefore, the Supreme Court erred in granting that branch of the plaintiffs' motion which was pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence and for a new trial (*see McCrorie v Pergament Home Ctrs.*, 230 AD2d 776 [1996]; *cf. Fields v King Kullen*

*Grocery Co.*, 28 AD3d 513, 513 [2006]; *Cubeta v York Intl. Corp.*, 30 AD3d 557, 558-559 [2006]; *see also Ruggiero v Waldbaums Supermarkets*, 242 AD2d 268, 269 [1997]). Angiolillo, J.P., Florio, Belen and Austin, JJ., concur.