■ RAMSEY HENRIQUEZ et al., Appellants, v NEW 520 GSH LLC et al., Respondents. [931 NYS2d 312]—

The record shows that plaintiff Ramsey Henriquez, an elevator maintenance mechanic, was injured when the elevator car in which he was riding rapidly descended to the bottom of the elevator shaft. Plaintiff and a coworker were taking the subject car, which had been taken out of service, to the building's twelfth floor to consult with the building's engineer about problems with the car.

Dismissal of the Labor Law § 200 claim was proper because defendants and plaintiff's employer New York Elevator (NYE) had entered into a contract providing that NYE would provide a

broad range of services to defendants, including a duty to "cover a complete maintenance service in every respect." As a result, "[t]here is no cause of action under Labor Law § 200 because '[n]o responsibility rests upon an owner of real property to one hurt through a dangerous condition which he has undertaken to fix'" (*McCullum v Barrington Co. & 309 56th St. Co.*, 192 AD2d 489, 489 [1993], quoting *Kowalsky v Conreco Co.*, 264 NY 125, 128 [1934]; *see Brugnano v Merrill Lynch & Co.*, 216 AD2d 18, 19 [1995], *lv dismissed in part and denied in part* 86 NY2d 880 [1995]).

Plaintiffs' reliance on the doctrine of res ipsa loquitur is misplaced. Plaintiffs failed to demonstrate that the accident could not have been caused by any voluntary action or contribution on plaintiff's part (*see Marszalkiewicz v Waterside Plaza, LLC*, 35 AD3d 176, 177 [2006]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Andrias, J.P., Sweeny, Acosta, Freedman and Manzanet-Daniels, JJ. **[Prior Case History: 2010 NY Slip Op 31866(U).]**