In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Taylor, J.), entered August 5, 2011, which, upon a jury verdict on the issue of liability, finding that the defendants were not at fault in the happening of the accident, and upon the denial of her motion pursuant to CFLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law or, in the alternative, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, is in favor of the defendants and against her, in effect, dismissing the complaint.
Ordered that the judgment is affirmed, with costs.
The plaintiff was injured when a portion of a magnetic lock fell from a door or its frame in a hallway of the facility of the defendant Elmhurst Hospital, and struck her. The jury was instructed, inter alia, on the doctrine of res ipsa loquitur, and it returned a verdict on the issue of liability in favor of the defendants.
The doctrine of res ipsa loquitur permits an inference of negligence to be drawn solely from the happening of an accident, upon a plaintiffs showing that the event is of the kind which ordinarily does not occur in the absence of negligence and was caused by an agency or instrumentality within the *790 exclusive control of the defendant, without any voluntary action or contribution on the part of the plaintiff (see Morejon v Rais Constr. Co., 7 NY3d 203, 209 [2006]; Dermatossian v New York City Tr. Auth., 67 NY2d 219, 226 [1986]; Corcoran v Banner Super Mkt., 19 NY2d 425, 430 [1967]). “The rule has the effect of creating a prima facie case of negligence sufficient for submission to the jury, and the jury may—but is not required to—draw the permissible inference” (Dermatossian v New York City Tr. Auth., 67 NY2d at 226; see Morejon v Rais Constr. Co., 7 NY3d at 210-212). “[T]he use of res ipsa loquitur does not relieve the plaintiff of the burden of proof’ (Crockett v Mid-City Mgt. Corp., 27 AD3d 611, 612 [2006]; see Keyser v KB Toys, Inc., 82 AD3d 713, 714 [2011]; Weeden v Armor El. Co., 97 AD2d 197, 204 [1983]). In a res ipsa loquitur case, the jury has great latitude; even when the plaintiff has established a prima facie case and the defendant has offered no proof, the jury nonetheless is entitled to find for the defendant (see Keyser v KB Toys, Inc., 82 AD3d at 714; Crockett v Mid-City Mgt. Corp., 27 AD3d at 612; Weeden v Armor El. Co., 97 AD2d at 204), subject, of course, to appellate review.
To set aside a jury verdict on the basis that the evidence was legally insufficient, the court must conclude “that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial” (Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]; see Soto v New York City Tr. Auth., 6 NY3d 487, 492 [2006]; Lolik v Big V Supermarkets, 86 NY2d 744, 745 [1995]; Fellin v Sahgal, 35 AD3d 800, 801 [2006]). Viewing the evidence in the light most favorable to the defendants (see Stephenson v Hotel Empls. & Rest. Empls. Union Local 100 of AFL-CIO, 6 NY3d 265, 271 [2006]; Mirand v City of New York, 84 NY2d 44, 50 [1994]), we conclude that a valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the jury, since a rational person could have concluded that the door and frame from which the magnetic lock had fallen were accessible to and used by numerous persons and, hence, were not instrumentalities within the exclusive control of any of the defendants.
The standard for determining whether the jury’s verdict was contrary to the weight of the evidence is whether the evidence so preponderated in favor of the plaintiff that the verdict could not have been reached on any fair interpretation of the evidence (see Grassi v Ulrich, 87 NY2d 954, 956 [1996]; Lolik v Big V Supermarkets, 86 NY2d at 745). “[T]he discretionary power to *791 set aside a jury verdict and order a new trial must be exercised with considerable caution, for in the absence of indications that substantial justice has not been done, a successful litigant is entitled to the benefits of a favorable jury verdict” (Nicastro v Park, 113 AD2d 129, 133 [1985]; see Keyser v KB Toys, Inc., 82 AD3d at 714). A review of the evidence in this case compels our conclusion that a fair interpretation of the evidence supported the verdict in favor of the defendants.
Contrary to the plaintiffs contention, the Supreme Court did not improvidently exercise its discretion in precluding the testimony of the plaintiffs expert based upon the plaintiffs noncompliance with CPLR 3101 (d) (1) (i) (see Sushchenko v Dyker Emergency Physicians Serv., P.C., 86 AD3d 638, 639 [2011]; Mohamed v New York City Tr. Auth., 80 AD3d 677, 678 [2011]; Parlante v Cavallero, 73 AD3d 1001, 1003 [2010]). Indeed, the plaintiff did not disclose her intent to call any expert witness until after the trial had begun, and she provided no explanation for that failure (see Lucian v Schwartz, 55 AD3d 687, 688 [2008]; Caccioppoli v City of New York, 50 AJD3d 1079, 1080-1081 [2008]). Skelos, J.P., Balkin, Cohen and Miller, JJ„, concur.