■ LINDA J. HOEBERLEIN et al., Respondents, v BED BATH & BEYOND, INC., Appellants. [2 NYS3d 529]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Jaeger, J.), dated April 7, 2014, which granted the plaintiffs' motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the issue of liability is denied.

The complaint alleged that the plaintiff Linda J. Hoeberlein (hereinafter the injured plaintiff) was injured at a retail store owned and operated by the defendants. At her deposition, the injured plaintiff testified that she was struck by a box that fell from an overhead shelf. The injured plaintiff stated that the box fell from the overhead shelf shortly after she slid a different box back into place on a shelf directly beneath the overhead shelf.

The plaintiffs moved for summary judgment on the issue of liability based upon a theory of res ipsa loquitur. In support of their motion, the plaintiffs submitted, among other things, the deposition testimony of the injured plaintiff. The Supreme Court granted the motion.

"The doctrine of res ipsa loquitur permits an inference of negligence to be drawn solely from the happening of an accident" (*Nikollbibaj v City of New York*, 106 AD3d 789, 789 [2013]; *see Morejon v Rais Constr. Co.*, 7 NY3d 203, 209 [2006]). Since "the circumstantial evidence allows but does not require the jury to infer that the defendant was negligent . . . res ipsa loquitur evidence does not ordinarily or automatically entitle the plaintiff to summary judgment . . . even if the plaintiff's circumstantial evidence is unrefuted" (*Morejon v Rais Constr. Co.*, 7 NY3d at 209). "[O]nly in the rarest of res ipsa loquitur cases may a plaintiff win summary judgment" (*id.*; *see Lau v Ky*, 63 AD3d 801, 801 [2009]). "That would happen only when the plaintiff's circumstantial proof is so convincing and the defendant's response so weak that the inference of defendant's

negligence is inescapable" (*Morejon v Rais Constr. Co.*, 7 NY3d at 209; *see Bunting v Haynes*, 104 AD3d 715, 716 [2013]; *Lau v Ky*, 63 AD3d at 801; *see also Keyser v KB Toys, Inc.*, 82 AD3d 713, 714 [2011]; *Crockett v Mid-City Mgt. Corp.*, 27 AD3d 611, 612 [2006]; *Weeden v Armor El. Co.*, 97 AD2d 197, 204 [1983]).

Here, the plaintiffs' submissions on the issue of res ipsa loquitur were insufficient to establish, prima facie, their entitlement to judgment as a matter of law on the issue of liability. The plaintiffs did not establish, by sufficiently convincing circumstantial proof, "that the inference of defendant's negligence is inescapable" (*Morejon v Rais Constr. Co.*, 7 NY3d at 209; *see Bunting v Haynes*, 104 AD3d at 716; *Lau v Ky*, 63 AD3d at 801; *see also Keyser v KB Toys, Inc.*, 82 AD3d at 714; *Crockett v Mid-City Mgt. Corp.*, 27 AD3d at 612). Accordingly, the Supreme Court should have denied the plaintiffs' motion, without regard to the sufficiency of the papers submitted in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Skelos, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.