■ DANIEL RAKAUSKAS et al., Appellants, v ARDEN SHELL CORP. et al., Respondents. [22 NYS3d 556]—

In an action to recover damages for personal injuries, the plaintiffs appeal from a judgment of the Supreme Court, Richmond County (Marin, J.), entered July 18, 2013, which, upon a jury verdict on the issue of liability finding that the defendants were not negligent, is in favor of the defendants and against them dismissing the complaint.

Ordered that the judgment is affirmed, with one bill of costs.

On July 3, 2006, the plaintiffs were in the process of purchasing fuel at a Shell gas station owned by the defendant Arden Shell Corp. (hereinafter Arden) when a fire suppression system activated and discharged a fire extinguishing agent into the area. The defendant Fire Guard of Long Island, Inc., installed, maintained, and inspected the subject fire suppression system. The plaintiffs commenced this action to recover damages for personal injuries allegedly sustained by them alleging, among other things, that the defendants were liable under the doctrine of res ipsa loquitur. At a jury trial, the plaintiffs requested that the Supreme Court deliver a charge on the doctrine of res ipsa loquitur. The court denied that request. The jury returned a verdict in favor of the defendants, finding that they were not negligent.

Contrary to the plaintiffs' contention, the Supreme Court properly denied their request for a res ipsa loquitur charge. "The doctrine of res ipsa loquitur permits an inference of negligence to be drawn solely from the happening of an accident" (*Nikollbibaj v City of New York*, 106 AD3d 789, 789 [2013]; *see Hoeberlein v Bed Bath & Beyond, Inc.*, 124 AD3d 722 [2015]). In order for the doctrine to apply, a plaintiff must establish the following: "(1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant[s]; [and] (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff" (*Corcoran v Banner Super Mkt.*, 19 NY2d 425, 430 [1967]; *see Morejon v Rais Constr. Co.*, 7 NY3d 203, 209 [2006]; *Pampalone v FBE Van Dam, LLC*, 123 AD3d 988, 988-989 [2014]). Here, the plaintiffs failed to demonstrate that the subject event was one that would not ordinarily occur in the absence of someone's negligence (*see Abrams v Excellent Bus Serv., Inc.*, 91 AD3d 681, 683 [2012]).

The plaintiffs' remaining contention is without merit. Rivera, J.P., Chambers, Sgroi and LaSalle, JJ., concur.