■ Frances D. Giantomaso et al., Appellants, v T. Weiss Realty Corp., Respondent. [37 NYS3d 313]—

In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated March 6, 2015, as denied its motion for summary judgment dismissing the complaint, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their cross motion which was for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

On December 12, 2011, the plaintiff Frances D. Giantomaso (hereinafter the injured plaintiff) allegedly slipped on ice and fell as she exited the north entrance to a building located on premises owned by the defendant. The injured plaintiff, and her husband suing derivatively, commenced the instant action to recover damages for personal injuries, alleging negligence. The defendant moved for summary judgment dismissing the complaint, and the plaintiffs cross-moved, inter alia, for summary judgment on the issue of liability based on the doctrine of res ipsa loquitur. By order dated March 6, 2015, the Supreme Court denied both the motion and the cross motion. We affirm the order insofar as appealed and cross-appealed from, albeit on grounds other than those relied upon by the court.

Contrary to the Supreme Court's determination, the defendant, in support of its motion, failed to establish its prima facie entitlement to judgment as a matter of law. The owner of property has a duty to maintain his or her property "in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (*Basso v Miller*, 40 NY2d 233, 241 [1976] [internal quotation marks omitted]). A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it did not create the hazardous condition which allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover

and remedy it (*see Mehta v Stop & Shop Supermarket Co., LLC*, 129 AD3d 1037 [2015]; *Campbell v New York City Tr. Auth.*, 109 AD3d 455, 456 [2013]; *Levine v Amverserve Assn., Inc.*, 92 AD3d 728, 729 [2012]). To meet its burden on the issue of constructive notice, a defendant is required to offer some evidence as to when the accident site was last cleaned or inspected prior to the plaintiff's fall (*see Sartori v JP Morgan Chase Bank, N.A.*, 127 AD3d 1157 [2015]; *Campbell v New York City Tr. Auth.*, 109 AD3d at 456; *Levine v Amverserve Assn., Inc.*, 92 AD3d at 729; *Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]). "Mere reference to general cleaning practices, with no evidence regarding any specific cleaning or inspection of the area in question, is insufficient to establish a lack of constructive notice" (*Herman v Lifeplex, LLC*, 106 AD3d 1050, 1051 [2013]; *see Rodriguez v Shoprite Supermarkets, Inc.*, 119 AD3d 923 [2014]; *Rogers v Bloomingdale's, Inc.*, 117 AD3d 933 [2014]; *Mahoney v AMC Entertainment, Inc.*, 103 AD3d 855 [2013]).

Here, in support of its motion, the defendant failed to demonstrate that it lacked constructive notice, as it failed to submit any evidence as to when, prior to the subject accident, the area of the north entrance where the alleged slip and fall occurred was last inspected or cleaned (*see James v Orion Condo-350 W. 42nd St., LLC*, 138 AD3d 927 [2016]; *Rogers v Bloomingdale's, Inc.*, 117 AD3d at 933; *Herman v Lifeplex, LLC*, 106 AD3d at 1050; *Mahoney v AMC Entertainment, Inc.*, 103 AD3d at 856; *Birnbaum v New York Racing Assn., Inc.*, 57 AD3d at 599). Since the defendant failed to demonstrate its prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied its motion without regard to the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

In support of that branch of their cross motion which was for summary judgment on the issue of liability, the plaintiffs relied on the doctrine of res ipsa loquitur. To rely on that doctrine, a plaintiff must show that "(1) the event is of the kind that ordinarily does not occur in the absence of someone's negligence; (2) the instrumentality that caused the injury is within the defendants' exclusive control; and (3) the injury is not the result of any voluntary action by the plaintiff" (*McCarthy v Northern Westchester Hosp.*, 139 AD3d 825, 827 [2016]; *see Morejon v Rais Constr. Co.*, 7 NY3d 203, 209 [2006]; *States v Lourdes Hosp.*, 100 NY2d 208, 211-212 [2003]; *Kambat v St. Francis Hosp.*, 89 NY2d 489, 494-495 [1997]; *Bunting v Haynes*,

104 AD3d 715, 716 [2013]; *Dos Santos v Power Auth. of State of N.Y.*, 85 AD3d 718, 721 [2011]). The doctrine of res ipsa loquitur permits an inference of negligence to be drawn solely from the happening of an accident (*see Morejon v Rais Constr. Co.*, 7 NY3d at 209). Since the circumstantial evidence allows but does not require the jury to infer that the defendant was negligent, res ipsa loquitur evidence does not ordinarily or automatically entitle the plaintiff to summary judgment, even if the plaintiff's circumstantial evidence is unrefuted (*see id.*). "[O]nly in the rarest of res ipsa loquitur cases may a plaintiff win summary judgment" (*id.*; *see Lau v Ky*, 63 AD3d 801, 801 [2009]). "That would happen only when the plaintiff's circumstantial proof is so convincing and the defendant's response so weak that the inference of defendant's negligence is inescapable" (*Morejon v Rais Constr. Co.*, 7 NY3d at 209; *see Bunting v Haynes*, 104 AD3d at 716; *Lau v Ky*, 63 AD3d at 801).

Here, the plaintiffs contend, based on deposition testimony, that the icy condition was caused by the operation of a sprinkler system, exclusively in the defendant's control, in the month of December. The plaintiffs' evidence failed to satisfy the third element of the res ipsa loquitur doctrine, namely, that the accident and any resulting injuries was not the result of any voluntary action or contribution on the part of the injured plaintiff (*see Henriquez v New 520 GSH LLC*, 88 AD3d 620, 621 [2011]; *Roldan v New York Univ.*, 81 AD3d 625, 628-629 [2011]; *Marszalkiewicz v Waterside Plaza, LLC*, 35 AD3d 176, 177 [2006]; *Petro v New York Life Ins. Co.*, 277 AD2d 213, 214 [2000]; *Braithwaite v Equitable Life Assur. Socy. of U.S.*, 232 AD2d 352, 354 [1996]; *Jong Chan Lee v Bonavita*, 216 AD2d 8 [1995]). Accordingly, the plaintiffs failed to demonstrate their prima facie entitlement to judgment as a matter of law in support of that branch of their cross motion which was for summary judgment on the issue of liability, and the Supreme Court properly denied that branch of the plaintiffs' cross motion. Chambers, J.P., Austin, Maltese and Duffy, JJ., concur.