■ LINDA LOMBARDO, Appellant, v KIMCO CENTRAL ISLIP VENTURE, LLC, et al., Respondents. [60 NYS3d 497]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated August 27, 2015, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Carrabba's Italian Grill, LLC.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Carrabba's Italian Grill, LLC, is denied.

The plaintiff alleged that she was injured when she slipped and fell on a wet slippery substance that was on the floor of a restaurant operated by the defendant Carrabba's Italian Grill, LLC (hereinafter Carrabba's). The plaintiff commenced this personal injury action against, among others, Carrabba's. Following discovery, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion and the plaintiff appeals, as limited by her brief, from so much of the order as granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against Carrabba's.

"A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence" (*Yioves v T.J. Maxx, Inc.*, 29 AD3d 572, 572 [2006]; *see Warren v Walmart Stores, Inc.*, 105 AD3d 732 [2013]; *Mahoney v AMC Entertainment, Inc.*, 103 AD3d 855 [2013]). Here, while Carrabba's sustained its burden with respect to creation and actual notice of the alleged condition upon which the plaintiff fell, it failed to establish, prima facie, that it lacked constructive notice of that condition. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the] defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]).

To meet its initial burden on the issue of lack of constructive

notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell (*see Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]; *Yioves v T.J. Maxx, Inc.*, 29 AD3d at 572). In this case, Carrabba's failed to satisfy its initial burden on this issue. The deposition testimony of Carrabba's manager and cleaning employee referred to Carrabba's general daily cleaning practices. Both deponents testified that they did not remember any specific cleaning or inspection of the area of the plaintiff's fall on the date of the accident, thereby failing to make out a prima facie showing of lack of constructive notice.

Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Carrabba's regardless of the sufficiency of the plaintiff's opposition papers (*see Birnbaum v New York Racing Assn., Inc.*, 57 AD3d at 599). Mastro, J.P., Balkin, Sgroi and Duffy, JJ., concur.