Williams v Island Trees Union Free Sch. Dist. (2019 NY Slip Op 08443)





Williams v Island Trees Union Free Sch. Dist.


2019 NY Slip Op 08443


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-01669
 (Index No. 606757/14)

[*1]Jeanette Williams, appellant-respondent,
v
Island Trees Union Free School District, respondent, Dover Gourmet Corp., etc., respondent-appellant (and a third-party action).


Edelman, Krasin & Jaye, PLLC, Westbury, NY (Kara M. Rosen of counsel), for appellant-respondent.
Andrea G. Sawyers, Melville, NY (Scott W. Driver of counsel), for respondent-appellant.
Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia and Glenn A. Kaminska of counsel), for respondent.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff appeals, and the defendant Dover Gourmet Corp. cross-appeals, from an order of the Supreme Court, Nassau County (George R. Peck, J.), entered February 3, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendant Island Trees Union Free School District which was for summary judgment dismissing the complaint asserted against it.
ORDERED that the cross appeal is dismissed as abandoned; and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, and that branch of the motion of the defendant Island Trees Union Free School District which was for summary judgment dismissing the complaint asserted against it is denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff, payable by the defendant Island Trees Union Free School District.
On June 18, 2013, the plaintiff, while attending a ceremony for her daughter at Island Trees High School, allegedly slipped and fell on clear liquid in the south cafeteria of the school, which was under the control of the defendant Island Trees Union Free School District (hereinafter the School District). At the time of the accident, the plaintiff was walking in the cafeteria toward an "Aquafina" vending machine when both of her feet began to slip out from underneath her. While on the ground after falling, the plaintiff noticed a puddle of water, approximately two inches wide and approximately three to four feet long, trailing from where she was located on the ground to the vending machine.
Thereafter, the plaintiff commenced an action against the School District to recover [*2]damages for personal injuries, alleging that the School District was negligent in, among other things, maintaining the premises. That action was consolidated with an action the plaintiff commenced against the defendant Dover Gourmet Corp. (hereinafter Dover), the company that allegedly stocked the vending machine pursuant to a contract with the School District, to recover damages for personal injuries arising out of the same incident. The School District subsequently moved, inter alia, for summary judgment dismissing the complaint asserted against it. In an order entered February 3, 2017, the Supreme Court, inter alia, granted that branch of the School District's motion. The plaintiff appeals. While Dover filed a notice of cross appeal from the order, we must dismiss the cross appeal as abandoned since Dover does not seek reversal or modification of any portion of the order in its brief (see Kamins v United Healthcare Ins. Co. of N.Y., Inc., 171 AD3d 715, 715; Reid v Soults, 114 AD3d 921, 922; see also Mazzurco v Gordon, 173 AD3d 1001).
A landowner "has a duty to maintain his or her premises in a reasonably safe condition" (Walsh v Super Value, Inc., 76 AD3d 371, 375; see Basso v Miller, 40 NY2d 233). In a premises liability case, a defendant real property owner or a party in possession or control of real property that moves for summary judgment has the initial burden of making a prima facie showing that it neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence (see Pilgrim v Avenue D Realty Co., 173 AD3d 788; Gorokhovskiy v NYU Hosps. Ctr., 150 AD3d 966; Kyte v Mid-Hudson Wendico, 131 AD3d 452; Pampalone v FBE Van Dam, LLC, 123 AD3d 988). A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838; Chang v Marmon Enters., Inc., 172 AD3d 678). To meet its initial burden on the issue of lack of constructive notice, the defendant must offer evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell (see Radosta v Schechter, 171 AD3d 1112, 1113; Lombardo v Kimco Cent. Islip Venture, LLC, 153 AD3d 1340; Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599). "Mere reference to general cleaning practices, with no evidence regarding any specific cleaning or inspection of the area in question, is insufficient to establish a lack of constructive notice'" (Giantomaso v T. Weiss Realty Corp., 142 AD3d 950, 951, quoting Herman v Lifeplex, LLC, 106 AD3d 1050, 1051; see Ahmetaj v Mountainview Condominium, 171 AD3d 683, 684).
Here, the School District failed to demonstrate, prima facie, that it did not have constructive notice of the alleged water condition that caused the plaintiff to fall. The deposition testimony of the School District's head custodian merely referred to the general cleaning and inspection practices of the custodial staff in relation to the south cafeteria of the school, but provided no evidence regarding any specific cleaning or inspection of the area in question relative to the time when the plaintiff's accident occurred (see Ahmetaj v Mountainview Condominium, 171 AD3d at 684; Rodriguez v New York City Hous. Auth., 169 AD3d 947, 948; Quinones v Starret City, Inc., 163 AD3d 1020).
Since the School District did not meet its prima facie burden of showing a lack of constructive notice of the condition that allegedly caused the plaintiff's accident, it is unnecessary to determine whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court should have denied that branch of the School District's motion which was for summary judgment dismissing the complaint asserted against it.
MASTRO, J.P., LEVENTHAL, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court