Fortune v Western Beef, Inc. (2019 NY Slip Op 08656)





Fortune v Western Beef, Inc.


2019 NY Slip Op 08656


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-08454
 (Index No. 83/15)

[*1]Nicole Fortune, appellant,
v
Western Beef, Inc., respondent.


Becker & D'Agostino, P.C., New York, NY (Michael D'Agostino of counsel), for appellant.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Brooklyn, NY (Anthony J. Genovesi of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated April 16, 2018. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff allegedly was injured when she slipped and fell on a "slimy, thick, clear" liquid on the floor inside a supermarket owned and operated by the defendant. The plaintiff subsequently commenced this action to recover damages for personal injuries, alleging that the defendant was negligent in, among other things, the maintenance of the supermarket. Following discovery, the defendant moved for summary judgment dismissing the complaint, arguing, inter alia, that it lacked constructive notice of the alleged dangerous condition. The Supreme Court, among other things, granted the defendant's motion, and the plaintiff appeals.
A defendant has constructive notice of a dangerous condition when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838; Butts v SJF, LLC, 171 AD3d 688, 689; Cho Lun Yeung v Selfhelp [KIV] Assoc., L.P., 170 AD3d 653, 653). " To meet its initial burden on the issue of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell'" (Radosta v Schechter, 171 AD3d 1112, 1113, quoting Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599; see Lombardo v Kimco Cent. Islip Venture, LLC, 153 AD3d 1340). " Mere reference to general cleaning practices, with no evidence regarding any specific cleaning or inspection of the area in question, is insufficient to establish a lack of constructive notice'" (Butts v SJF, LLC, 171 AD3d at 689, quoting Herman v Lifeplex, LLC, 106 AD3d 1050, 1051; see Giantomaso v T. Weiss Realty Corp., 142 AD3d 950, 951).
Here, the evidence submitted by the defendant in support of its motion failed to demonstrate, prima facie, that it lacked constructive notice of the alleged dangerous condition that caused the plaintiff to fall. The deposition testimony of the assistant manager of the supermarket, who did not recall if he was working on the date of the accident, and the affidavit of the defendant's vice president of loss prevention, merely referred to the defendant's general cleaning and inspection practices. The defendant did not proffer any evidence demonstrating when the specific area where the plaintiff fell was last cleaned or inspected before the accident (see Rodriguez v New York City Hous. Auth., 169 AD3d 947, 948; Quinones v Starret City, Inc., 163 AD3d 1020, 1022; Eksarko v Associated Supermarket, 155 AD3d 826, 827). Furthermore, the defendant failed to demonstrate, prima facie, that the condition on which the plaintiff fell was not visible and apparent, and would not have been discoverable upon a reasonable inspection of the area where the plaintiff was injured (see Rivera v Tops Mkts., LLC, 125 AD3d 1504, 1505; Yioves v T.J. Maxx, Inc., 29 AD3d 572, 573).
Since the defendant did not sustain its prima facie burden of establishing its entitlement to judgment as a matter of law, it is not necessary to consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been denied.
DILLON, J.P., COHEN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court