Soto v Justin Hochberg 2014 Irrevocable Trust (2022 NY Slip Op 01193)





Soto v Justin Hochberg 2014 Irrevocable Trust


2022 NY Slip Op 01193


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2020-00778
 (Index No. 522796/16)

[*1]Jose Soto, et al., respondents-appellants,
v
Justin Hochberg 2014 Irrevocable Trust, et al., appellants-respondents.


Wade Clark Mulcahy LLP (Mauro Lilling Naparty LLP, Woodbury, NY [Matthew W. Naparty and Seth M. Weinberg], of counsel), for appellants-respondents.
Weitz & Luxenberg, P.C., New York, NY (Alani Golanski, Nicholas Wise, and Lawrence Goldhirsch of counsel), for respondents-appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal, and the plaintiffs cross-appeal, from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated December 17, 2019. The order, insofar as appealed from, denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence. The order, insofar as cross-appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) and denied the plaintiffs' cross motion for summary judgment on the issue of liability on that cause of action.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, and those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence are granted; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that the defendants are awarded one bill of costs.
The plaintiff Jose Soto (hereinafter the injured plaintiff), an employee of nonparty Admiral Elevator Company, allegedly was injured on March 1, 2016, when the elevator that he and his colleague were attempting to repair rapidly and unexpectedly descended to the ground floor. The premises in which the accident occurred is a four-story, single-family townhouse occupied by nonparty Edwin Hochberg and owned jointly by the defendant trusts, whose trustees—the individual defendants—are Hochberg's three children.
The injured plaintiff, and his wife suing derivatively, commenced this action against the defendants. After joinder of issue, the defendants moved for summary judgment dismissing the [*2]amended complaint. The plaintiffs opposed the defendants' motion and cross-moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). Insofar as relevant to these appeals, the Supreme Court denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1), and denied the plaintiffs' cross motion. Both sides appeal from those portions of the order by which they are respectively aggrieved.
We find merit to the defendants' contention—raised for the first time on appeal but fully briefed by both sides (see Crowther v City of New York, 262 AD2d 519, 520)—that the injured plaintiff cannot succeed in his causes of action alleging a violation of Labor Law § 200 and common-law negligence, as "[n]o responsibility rests upon an owner of real property to one hurt through a dangerous condition which he [or she] has undertaken to fix" (Kowalsky v Conreco Co., 264 NY 125, 128; see Henriquez v New 520 GSH LLC, 88 AD3d 620; McCullum v Barrington Co. & 309 56th St. Co., 192 AD2d 489). Indeed, the evidence in the record conclusively establishes that the injury-producing accident was caused by an unidentified defect in the very elevator that the injured plaintiff's employer had been hired to repair. Accordingly, the defendants were entitled to summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence.
Moreover, contrary to the plaintiffs' contention, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1). The homeowner's exemption to liability under Labor Law § 240(1) is available to "owners of one and two-family dwellings who contract for but do not direct or control the work." Here, the defendants, as owners of the single-family townhouse where the accident occurred, established, prima facie, that they did not direct or control the home improvement work being done by the injured plaintiff and his employer at the time of the subject accident, and the plaintiffs, in opposition, failed to raise a triable issue of fact (see Bartoo v Buell, 87 NY2d 362; Cannon v Putnam, 76 NY2d 644; Holifield v Seraphim, LLC, 92 AD3d 841; Castellanos v United Cerebral Palsy Assn. of Greater Suffolk, Inc., 77 AD3d 879). For the same reason, the court also properly denied the plaintiffs' cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
In light of our determination, we need not reach the parties' remaining contentions.
RIVERA, J.P., CHAMBERS, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court