Rendon v Callaghan (2022 NY Slip Op 04040)

Rendon v Callaghan

2022 NY Slip Op 04040

Decided on June 22, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2020-01999
 (Index No. 8742/17)

[*1]Vicente Rendon, appellant,
v
Anna Callaghan, respondent.

Dansker & Aspromonte Associates (Sim & Depaola, LLP, Bayside, NY [Sang J. Sim], of counsel), for appellant.
Purcell & Ingrao, P.C., Mineola, NY (Lynn Ann Ingrao of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), dated November 27, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured while repairing the roof of a detached garage on premises owned by the defendant when part of the roof collapsed and the plaintiff fell to the ground. The premises were comprised of two adjacent lots, which were taxed separately and had two separate addresses. The garage was located on one lot and the defendant's home was located on the other lot.
The plaintiff commenced this action to recover damages for personal injuries, asserting causes of action alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint, concluding that the defendant did not exercise supervisory control over the plaintiff's work and that the defendant was entitled to the homeowners' exemption set forth in Labor Law §§ 240(1) and 241(6). The plaintiff appeals.
"Labor Law § 200 is a codification of the common-law duty of owners, contractors, and their agents to provide workers with a safe place to work" (Doto v Astoria Energy II, LLC, 129 AD3d 660, 663; see Alberici v Gold Medal Gymnastics, 197 AD3d 540, 543). Where a plaintiff's injuries stem from a dangerous or defective condition on the premises rather than the manner in which the work was being performed, "a landowner may be liable under Labor Law § 200 if it either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition" (Alberici v Gold Medal Gymnastics, 197 AD3d at 543 [internal quotation marks omitted]).
Here, the defendant demonstrated her prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 by establishing that she neither created nor had actual or constructive notice of any structural deficiency in the garage roof. Contrary to the plaintiff's contention, the presence of a leak [*2]in the roof of the garage did not give the defendant actual or constructive notice of a structural deficiency in the roof because any such deficiency was "latent and would not be discoverable upon reasonable inspection" (Hoffman v Brown, 109 AD3d 791, 792 [internal quotation marks omitted]). The defendant also established that the plaintiff was injured "through a dangerous condition which he ha[d] undertaken to fix" (Kowalsky v Conreco Co., 264 NY 125, 128; see Soto v Justin Hochberg 2014 Irrevocable Trust, 202 AD3d 1122, 1123-1124; Vitale v Astoria Energy II, LLC, 180 AD3d 1104, 1106; Torres v Board of Educ. of City of N.Y., 175 AD3d 1584, 1586).
Moreover, "[o]wners of one- or two-family dwellings are exempt from liability under both Labor Law §§ 240(1) and 241(6) unless they directed or controlled the work being performed" (Salgado v Rubin, 183 AD3d 617, 618; see Khan v Khan, 197 AD3d 1165, 1167; Chowdhury v Rodriguez, 57 AD3d 121, 128). "[I]n order for a defendant to receive the protection of the homeowners' exemption, the defendant must satisfy two prongs required by the statutes. First, the defendant must show that the work was conducted at a dwelling that is a residence for only one or two families" (Chowdhury v Rodriguez, 57 AD3d at 126; see Abdou v Rampaul, 147 AD3d 885, 886). "The second requirement . . . is that the defendants 'not direct or control the work'" (Chowdhury v Rodriguez, 57 AD3d at 126, quoting Labor Law §§ 240[1] and 241[6]; see Abdou v Rampaul, 147 AD3d at 886). The Court of Appeals has "avoided an overly rigid interpretation of the homeowner exemption" and has employed a "flexible 'site and purpose' test to determine whether the exemption applies" (Bartoo v Buell, 87 NY2d 362, 367-368).
The defendant demonstrated her prima facie entitlement to judgment as a matter of law dismissing the Labor Law §§ 240(1) and 241(6) causes of action by establishing that the work was related to the residential use of her home and that she did not direct or control the work. The fact that the garage was located on a legally separate lot adjacent to the lot on which the defendant's home was located does not defeat the homeowners' exemption in this circumstance because the garage functioned as an "extension of the dwelling" (Bartoo v Buell, 87 NY2d at 369), the repairs had a "substantial[ly] residential purpose" (id.; see Jiminez v Pacheco, 73 AD3d 1129, 1130; Jarvis v Dianto, 210 AD2d 380, 381), and the defendant treated the two lots as one property (see Dineen v Rechichi, 70 AD3d 81, 85-86). The defendant established that the property contained a one-family dwelling and that she did not direct or control the plaintiff's work.
In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
CONNOLLY, J.P., MALTESE, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court