■ WILLIAM J. BAILEY et al., Respondents, v TOWN OF OYSTER BAY et al., Appellants. [642 NYS2d 903] —In a negligence action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Kutner, J.), entered January 26, 1995, which denied their separate motions for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, the motions are granted, and the complaint is dismissed.

The plaintiff William Bailey (hereinafter the plaintiff) was injured during an amateur softball game when he ran into a 16-foot pole located in front of the outfield fence. The defendants moved for summary judgment contending, *inter alia,* that the plaintiff assumed the risk of injury. The plaintiff claimed that the pole was concealed, although he was able to observe the shorter fence support poles. He also claimed that the pole presented an unnecessarily enhanced risk. The Supreme Court found that there was a triable issue of fact as to whether the pole unreasonably enhanced the risks of the game. We disagree.

Participants in sporting events may be held to have consented to injury-causing events which are the known, apparent or reasonably foreseeable risks of their participation (*see, Turcotte v Fell,* 68 NY2d 432). The risks of the event include any condition involved in the construction of the field (*see, Maddox v City of New York,* 66 NY2d 270, 277; *Turcotte v Fell, supra*). A landowner only has a "duty to exercise care to make the conditions as safe as they appear to be. If the risks of the activity are fully comprehended or perfectly obvious, plaintiff has consented to them and defendant has performed its duty" (*Turcotte v Fell, supra,* at 439).

The plaintiff was an experienced softball player who had previously played at the field. The risk presented by the pole

was perfectly obvious and the field was as safe as it appeared to be. Therefore, the plaintiff assumed any risk of being injured, and the defendant Town of Oyster Bay satisfied its duty (*see, Turcotte v Fell, supra,* at 439; *Pascucci v Town of Oyster Bay,* 186 AD2d 725; *Ferone v Sachem C.S.D.,* 225 AD2d 518).

Furthermore, the defendants Wesco Sports Ltd. and Amateur Softball Association owed no duty to the plaintiff as they did not own, maintain, control, or care for the baseball field and pole (*see, McGrath v United Hosp.,* 167 AD2d 518). Accordingly, the complaint must be dismissed. Thompson, J. P., Santucci, Joy and Altman, JJ., concur.