■ Paul G. Ward et al., as Administrators of the Estate of Garrett W. Ward, Deceased, Appellants, v Edinburg Marina, Inc., Respondent. [741 NYS2d 304] —Mugglin, J. Appeal from an order of the Supreme Court (Sise, J.), entered May 9, 2001 in Fulton County, which granted defendant's motion for summary judgment dismissing the complaint.

This wrongful death action stems from a tragic accident which occurred on the Batchellerville Bridge in the Town of Edinburg, Fulton County, when a trailer, on which a 17-foot runabout motorboat was loaded, detached from a vehicle being driven by Celeste R. Cornelia and crossed into the oncoming lane of traffic where it collided with a pickup truck being driven by Garrett W. Ward, resulting in his death. Just moments before the accident, Cornelia had retrieved the boat and trailer from defendant. While we recognize that there are issues of fact arising from the discrepancy between Cornelia's version and defendant's employee's version of their mutual encounter at defendant's place of business, as this is a motion for summary judgment, we must view the facts in the light most favorable to the nonmoving party (*see, Greco v Boyce,* 262 AD2d 734, 734; *Jones v Egan,* 252 AD2d 909, 910).

From this perspective, the record establishes that, although Cornelia had previously assisted her husband in attaching the boat trailer to their vehicle and although she had on the previous day successfully completed a boater safety course which included instruction as to the proper manner of attaching a trailer to the tow vehicle, she had never on any previous occasion done this herself. After placing the tongue of the trailer over the ball of the hitch, Cornelia lowered the latch. Instead of securing the latch with a safety pin or bolt, Cornelia secured the latch by wrapping a bungee cord tightly around it. She next attached the safety chains. She was unable, however, to determine how to attach the wires for the brake lights on the trailer and asked Keith Chabot, a mechanic employed by defendant, how to accomplish this. Chabot advised her where to plug them in and she did so. Cornelia then advised Chabot that this was the first time that she had ever, on her own, attached the trailer and asked him if it was properly done. Cornelia stated that Chabot looked at the connection, rattled the safety chains, and said, "This will hold." Supreme Court concluded that, on these facts, no actual legal duty ran from defendant through Cornelia to plaintiffs. In addition, Supreme Court concluded that neither Chabot's conduct nor his representation gave rise to an assumed duty on which Cornelia relied to her own detriment or that of plaintiffs. On this appeal, plaintiffs assert that Supreme Court erred only with respect to the assumed duty issue.

An assumed duty may arise from negligent words or acts that induce reliance (*see, Heard v City of New York,* 82 NY2d 66, 71). In such cases, the issue is whether a defendant's conduct has placed another in a more vulnerable position than

he or she would have been in had the defendant done nothing (*see, id.* at 72). On this record, we find nothing in Chabot's conduct which either enhanced the risk Cornelia faced, created a new risk or induced her to forego some opportunity to avoid risk (*see, id.* at 73). Said differently, Chabot did nothing to change the negligent manner in which Cornelia had attached the trailer to her vehicle so her position was no more vulnerable following his conduct than before his conduct.

Also, we find no support for plaintiffs' assertion that Chabot's statement, "This will hold," was a negligent misrepresentation forseeably relied upon by Cornelia to her detriment. If Chabot had made the statement without inspecting the hitch, there could have been no justifiable reliance by Cornelia, and the statement, standing alone, would thus not support a finding of an assumed duty. The gravamen of the claim against defendant is Chabot's claimed *negligent conduct* in inspecting the connection between the trailer and the tow vehicle and the statement was made at the conclusion of this inspection. Simply stated, it was the inspection, not the statement, which formed the basis for plaintiffs' claim of justifiable reliance on the part of Cornelia. Moreover, Chabot neither possessed exclusive knowledge of the information nor imparted it to one seeking assurances who was wholly without knowledge (*see, Heard v City of New York, supra* at 75; *International Prods. Co. v Erie R.R. Co.,* 244 NY 331, 339). As there was no detrimental reliance by Cornelia on the conduct of defendant's employee, plaintiffs cannot assert liability against this defendant on the theory of negligent performance of an assumed duty flowing from defendant through Cornelia to plaintiffs' decedent.

Mercure, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.