■ NANCY PIAZZA et al., Appellants, v REGEIS CARE CENTER, L.L.C., Respondent. [852 NYS2d 53]—

Order, Supreme Court, Bronx County (George D. Salerno, J.), entered March 10, 2006, which granted defendant nursing home's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

On September 17, 2003, an altercation occurred between plaintiff Nancy Piazza and her brother during a visit with their mother, Luz, in the public recreation room of defendant's nursing home. As a result of the altercation, plaintiff suffered personal injuries and her brother was arrested, and charged with multiple counts of assault and harassment.

Plaintiffs argue that defendant failed to maintain a safe environment. They contend that actual notice of the violent propensities of plaintiff's brother were provided to defendant's assistant administrator director of social services, Jeffrey Levine, sufficiently prior to the incident for defendant to have implemented procedures that would have prevented the assault.

Allegedly, plaintiff told Levine that her brother was a threat to their mother because he had a criminal record, possessed weapons, had previously verbally assaulted plaintiff and had a drug habit. Plaintiff alleges that she asked Levine not to allow her brother on the premises, and Levine purportedly reassured her that "he would have security present at all times to keep her [mother] safe." Subsequently, plaintiff sent a letter to defendant which stated that her brother posed a "danger and threat to [her] mother's well being and state of mind due to his drug history." Plaintiff purportedly in the letter asked that her brother be kept "off the facility premises altogether."

Defendant maintains, on the other hand, that it never received any notice of the brother's violent propensities. It claims that the letter it received from plaintiff merely put defendant on notice as to the brother's drug abuse and not of any violent tendencies. Defendant also asserts that at no time prior to the incident was it aware of any incident where the plaintiff's brother had been physically aggressive, struck an individual, or exhibited any physically violent behavior. At most, defendant was made aware that the brother's general disposition was unsavory.

In support of its motion, defendant pointed to Levine's statement that at no time during the subject 30-minute visit did plaintiff ever express that she was uncomfortable with her brother's presence. Furthermore, defendant's director of building services stated at his deposition that there were no complaints in the six-month period before the incident by visitors regarding other visitors. Defendant also relied on the testimony of both plaintiff and her mother who stated at their

depositions that prior to the incident her brother had never laid his hands on either of them.

Consequently, the motion court determined that since it was not even foreseeable to *plaintiff* that she would be physically harmed by her brother, it could not have been foreseeable to *defendant*, which had not been put on notice of any alleged past violent activities.

Foreseeability determines the scope of the duty once it is determined to exist (*Hamilton v Beretta U.S.A. Corp.*, 96 NY2d 222, 232 [2001]). A higher duty arises only when the landowner knows or has reason to know from past experience that there is a likelihood of misconduct on the part of third persons (*Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507 [1980]; *Florman v City of New York*, 293 AD2d 120 [2002]). Although plaintiff's brother may have had a history of drug abuse and verbal intimidation, there was no evidence that he had a history of physical violence toward plaintiff or their mother prior to the subject incident. Accordingly, defendant had no reason to anticipate the assault or duty to take steps to prevent contact between plaintiff and her brother (*see Waldon v Little Flower Children's Serv.*, 1 NY3d 612, 614 [2004]).

While plaintiff further asserts that defendant undertook to provide "security present at all times to keep her mother safe," it is unclear what exactly this statement was meant to convey. As the motion court observed, this statement does not necessarily mean that a security guard would actually accompany the brother wherever he went, including his movement into the public recreation room where plaintiff was also present. This is particularly relevant in that any security measures less than having an actual security officer posted at the exact location where the altercation occurred would have failed to prevent the assault. However, requiring defendant to meet this level of security would be an unreasonable burden (*see Maheshwari v City of New York*, 2 NY3d 288, 295 [2004]).

Even assuming that defendant did undertake an additional duty and was negligent in doing so, it is clear that plaintiff failed to raise any triable issue of fact as to whether she was lulled into any false sense of security as a result of defendant's alleged promises (*see Heard v City of New York*, 82 NY2d 66, 72 [1993]; *Nallan v Helmsley-Spear, Inc.*, 50 NY2d at 522-523 [finding that one who voluntarily assumes a duty to act with reasonable care toward others may be held liable for breach of that duty only if plaintiff relied on that undertaking and the act or failure to act placed plaintiff in a more vulnerable position than if the obligation had not been assumed]). On the contrary,

plaintiff stated that she had conversations with Levine "reiterating the fact that . . . [she] didn't trust the laid back security system that they had."

Lastly, to establish a prima facie case of proximate cause, a plaintiff must show "that the defendant's negligence was a substantial cause of the events which produced the injury" (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). Where the acts of a third person intervene between defendant's conduct and plaintiff's injury, liability turns upon whether the intervening act is a normal or foreseeable consequence of the situation created by defendant's negligence (*id.*). Here, the criminal assault was extraordinary and not foreseeable or preventable in the normal course of events (*see Maheshwari v City of New York*, 2 NY3d 288 [2004]). As the motion court found, since it was not even foreseeable to plaintiff that she would be physically harmed by her brother, it could not have been foreseeable to defendant. Concur—Mazzarelli, J.P., Marlow, Williams, Catterson and Kavanagh, JJ.