■ NANCE SHATZKIN et al., Respondents, v VILLAGE OF CROTON-ON-HUDSON et al., Appellants. [858 NYS2d 362]—

In an action to recover damages for personal injuries, etc., the defendants separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated November 21, 2006, as denied their separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the motions for summary judgment dismissing the complaint are granted.

The infant plaintiff, a high school varsity softball player, was injured during a game when she ran into a chain link fence while chasing a fly ball across the foul line on a field owned by the Village of Croton-on-Hudson. In their action against Croton-Harmon Union Free School District (hereinafter the School District) and the Village of Croton-on-Hudson, the plaintiffs claim, inter alia, that the fence was placed too close to the foul line and unreasonably increased the risks inherent in the game.

The Supreme Court erred in holding that a prior order was the law of the case, as that order did not reach the merits of the defendants' motions, but rather determined that the motions were premature (*see People v Evans,* 94 NY2d 499, 502 [2000]; *Brownrigg v New York City Hous. Auth.,* 29 AD3d 721, 722 [2006]).

The defendants established their prima facie entitlement to summary judgment by showing that the infant plaintiff was an experienced softball player, that the condition of the fence was open and obvious, and that the infant plaintiff appreciated the risks of playing near the fence (*see Sanchez v City of New York,* 25 AD3d 776 [2006]; *Schoppman v Plainedge Union Free School Dist.,* 297 AD2d 338 [2002]; *Conway v Deer Park Union Free School Dist. No. 7,* 234 AD2d 332 [1996]; *Bailey v Town of Oyster Bay,* 227 AD2d 427 [1996]; *see also Morgan v State of New York,* 90 NY2d 471, 484 [1997]). In opposition, the conclusory

affidavit of the plaintiffs' expert failed to raise a triable issue of fact (*see Veccia v Clearmeadow Pistol Club,* 300 AD2d 472 [2002]; *Speirs v Dick's Clothing & Sporting Goods,* 268 AD2d 581 [2000]; *Levitt v County of Suffolk,* 145 AD2d 414, 415 [1988]; *see also Cranston v Nyack Pub. Schools,* 303 AD2d 441, 442 [2003]). Mastro, J.P., Rivera, Angiolillo and McCarthy, JJ., concur.