ZIAURRAHIA MURSHED, Individually and as Father and Natural Guardian of TAQIA CHOUDHURY, an Infant, Appellant, v THE NEW YORK HOTEL TRADES COUNCIL AND HOTEL ASSOCIATION OF NEW YORK CITY HEALTH CENTER, INC., et al., Respondents. [898 NYS2d 25]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson Jr., J.), entered on or about January 7, 2009, which granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff's infant left the Health Center where family members had gone for treatment to see if her family had gone to a nearby fast food restaurant. Upon finding otherwise, she returned to the front lobby security desk in the company of an unidentified man who had approached her outside the building. The child did not respond to the guard's inquiry as to whether her mother was a visiting patient, but she did offer her mother's name, which the guard then announced over the building's intercom system. The mother did not appear. The child, meanwhile, engaged in a conversation with the unidentified man who persuaded her that he had seen her family a half a block away from the building. The unidentified man appeared to the guard to be genuinely concerned about the child's welfare.

---

The child and the man left the building together, without informing the security guard, although the guard did observe their departure.

The abduction and sexual assault of the infant was unforeseeable, given all the circumstances. There was no basis for finding that defendants had breached their obligation to implement reasonable, minimal security measures in light of the largely criminal-free Health Center environment (*see Maheshwari v City of New York*, 2 NY3d 288 [2004]). The argument that defendants assumed an additional duty when the lobby security guard—approached by an 11-year-old girl who was looking for her mother, and who was accompanied by a seemingly concerned, middle-age male—paged the mother's name over the building's intercom system, is unavailing. There was no evidence that the child was lulled into relying on the security guard's assistance (*see Piazza v Regeis Care Ctr., L.L.C.*, 47 AD3d 551, 553 [2008]), nor any evidence that the child was placed in a more vulnerable position than when she first walked into the lobby with the unidentified male (*cf. Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 522-523 [1980]).

There was no express provision in the Health Center's security agreement with defendant KB Security that extended the security benefits under the agreement to third parties such as plaintiffs (*see generally Alicea v City of New York*, 145 AD2d 315 [1988]). There was also no argument that KB had assumed full security obligations at the Health Center (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]; *Piazza*, 47 AD3d at 553). Concur—Tom, J.P., Andrias, Sweeny and Renwick, JJ.