■ KATHLEEN FERRARI, Individually and as Administratrix of the Estate of DENNIS FERRARI, Deceased, Appellant, v BOB'S CANOE RENTAL, INC., Respondent. [39 NYS3d 522]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated July 31, 2014, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, Kathleen Ferrari, and Dennis Ferrari (hereinafter Dennis) allegedly were injured while canoeing on the Nis-

sequogue River, a tidal river in Suffolk County, when their canoe became stuck on a mud flat during low tide. Thereafter, they commenced this action against the defendant, from whom they had rented the canoe. After party and nonparty depositions were conducted and the note of issue was filed, Dennis died for reasons unrelated to the subject incident. Approximately three months later, the defendant moved for summary judgment dismissing the complaint and Kathleen Ferrari, as the administrator of the estate of Dennis, was substituted for Dennis. The Supreme Court granted the defendant's motion on the ground that the plaintiff's claims were barred by the doctrine of primary assumption of risk. The plaintiff appeals.

"[B]y engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]). If the participant fully comprehends the risks of the activity or if those risks are obvious or reasonably foreseeable, he or she has consented to those risks and the defendant has performed its duty (*see Turcotte v Fell*, 68 NY2d 432, 439 [1986]). "It is not necessary . . . that the injured plaintiff have foreseen the exact manner in which his or her injury occurred, so long as he or she is aware of the potential for injury of the mechanism from which the injury results" (*Maddox v City of New York*, 66 NY2d 270, 278 [1985]). The participant's "awareness of risk is not to be determined in a vacuum. It is, rather, to be assessed against the background of the skill and experience of the particular plaintiff" (*id.* at 278; *see Morgan v State of New York*, 90 NY2d at 486; *Turcotte v Fell*, 68 NY2d at 439-440).

Conversely, participants in sports or recreational activities are not deemed to have assumed risks of reckless or intentional conduct, or of risks that are concealed or unreasonably increased (*see Morgan v State of New York*, 90 NY2d at 485; *Turcotte v Fell*, 68 NY2d at 439; *Mussara v Mega Funworks, Inc.*, 100 AD3d 185, 192 [2012]). In applying the doctrine of primary assumption of risk, the court must evaluate "whether the conditions caused by the defendant['s] negligence are 'unique and created a dangerous condition over and above the usual dangers that are inherent in the sport' " or recreational activity (*Morgan v State of New York*, 90 NY2d at 485, quoting *Owen v R.J.S. Safety Equip.*, 79 NY2d 967, 970 [1992]).

Here, the defendant established, prima facie, that the plaintiff and Dennis assumed the risk of becoming stuck during low tide while canoeing on a tidal river by submitting

evidence that they were aware of the tidal times, sufficiently appreciated the risks posed by canoeing in tidal waters, and voluntarily embarked on the trip despite those risks (*see Fenty v Seven Meadows Farms, Inc.*, 108 AD3d 588, 588-589 [2013]; *Leslie v Splish Splash at Adventureland*, 1 AD3d 320, 321 [2003]; *Loney v Adirondack Riv. Outfitters*, 307 AD2d 747, 748 [2003]; *Best v Town of Islip*, 265 AD2d 357, 358 [1999]). The defendant further established that the comment of its employee, that the plaintiff and Dennis would have enough time to complete the trip in the approximately four hours before low tide when the trip typically takes 2½ hours, did not create any additional risk to the plaintiff and Dennis or cause a dangerous condition over and above the usual dangers that are inherent in canoeing (*see Morgan v State of New York*, 90 NY2d at 485; *cf. Georgiades v Nassau Equestrian Ctr. at Old Mill, Inc.*, 134 AD3d 887, 889 [2015]; *Mussara v Mega Funworks, Inc.*, 100 AD3d at 192-193).

The plaintiff failed to raise a triable issue of fact in opposition. The plaintiff submitted no evidence demonstrating that she and Dennis failed to sufficiently appreciate the risks of canoeing in a tidal river or that the defendant "created a dangerous condition over and above the usual dangers that are inherent in" canoeing (*Owen v R.J.S. Safety Equip.*, 79 NY2d at 970; *see generally Morgan v State of New York*, 90 NY2d at 485). Further, the plaintiff submitted no evidence demonstrating that the defendant's estimation of the length of time it would take to complete the trip was inaccurate. The plaintiff failed to establish that the comment of the defendant's employee that they would have enough time to complete the trip caused them to slow the speed at which they paddled the canoe, or that reliance on this statement to proceed at a leisurely pace down the river was justified in light of their knowledge of the tidal times and appreciation for the effects of the tide (*see Heard v City of New York*, 82 NY2d 66, 75 [1993]; *Ward v Edinburg Mar.*, 293 AD2d 887, 889 [2002]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Roman, Hinds-Radix and Connolly, JJ., concur.