■ Mary Parke, Appellant, v ST Owner LP, et al., Defendants, and Strike Force of New Jersey, Inc., et al., Respondents. [50 NYS3d 288]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered March 9, 2016, which, to the extent appealed from as limited by the briefs, granted the motion of defendants Strike Force of New Jersey, Inc. (Strike Force) and Jonathan Ubogu for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Plaintiff was injured when she fell down a darkened staircase in her apartment building, which was left without electricity in the aftermath of Hurricane Sandy. The building's owners retained Strike Force to provide additional security guards in the building and to control access to the lobby, since the lack of electricity prevented the electronic access card readers on the building's entrances from working.

Plaintiff asserted that, upon returning to her building, defendant Ubogu, a Strike Force security guard, advised her that it was "okay" to use her cell phone to light her way up the staircase since her flashlight was no longer working. She further asserted that Ubogu turned his own flashlight on, and guided her to the doorway of the staircase and up the first flight of stairs. When she reached the landing, Ubogu turned his flashlight off, leaving her in the dark. When she then attempted to find the stairway to continue up, she instead fell down the flight of stairs she had just ascended.

Contrary to plaintiff's contention, Ubogu did not voluntarily assume a duty of care toward her by any negligent words or acts inducing reliance (*see Heard v City of New York*, 82 NY2d 66, 71-72 [1993]). Obogu's casual response of "okay," in response to plaintiff's suggestion that she use her cell phone to light her way up the stairs, did not amount to a "deliberate representation for purposes of determining whether an action in negligence has been established" (*id.* at 74-75; *see Ferrari v Bob's Canoe Rental, Inc.*, 143 AD3d 937, 939 [2d Dept 2016]).

Furthermore, Ubogu's conduct in shining his flashlight up the first flight of stairs did not alter the fact that plaintiff had intended to climb the steps in the first place, and was already using her cell phone for light. Accordingly, Ubogu's actions did not place plaintiff "in a more vulnerable position" than she would have been in had he done nothing (*Murshed v New York Hotel Trades Council & Hotel Assn. of N.Y. City Health Ctr., Inc.*, 71 AD3d 578, 579 [1st Dept 2010]). Concur—Acosta, J.P., Mazzarelli, Manzanet-Daniels, Gische and Kahn, JJ.