■ ANDREW SIEGEL, Appellant-Respondent, v ALBERTUS MAGNUS HIGH SCHOOL et al., Defendants/Third-Party Plaintiffs-Respondents-Appellants. NEW CITY BASEBALL ASSOCIATION, LTD., Doing Business as NEW CITY GENERALS, Third-Party Defendant-Respondent. [60 NYS3d 202]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Garvey, J.), dated August 4, 2015, as granted those branches of the respective motions of the defendants third-party plaintiffs and the third-party defendant which were for summary judgment dismissing the complaint, and the defendants third-party plaintiffs cross-appeal from so much of the same order as granted that branch of the motion of the third-party defendant which was for summary judgment dismissing the third-party cause of action for contractual indemnification against it and, in effect, denied, as academic, that branch of their motion which was for summary judgment on their third-party cause of action for contractual indemnification against the third-party defendant.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, that branch of the motion of the third-party defendant which was for summary judgment dismissing the third-party cause of action for contractual indemnification is denied, and that branch of the motion of the defendants third-party plaintiffs which was for summary judgment on their

third-party cause of action for contractual indemnification is granted; and it is further,

Ordered that one bill of costs. is awarded to the defendants third-party plaintiffs payable by the plaintiff.

The plaintiff alleges that he was injured in August 2013 when he slipped and fell on a white or cream color "cushiony" tile that was covering a metal drainage grate in the grass in a field on the grounds of Albertus Magnus High School (hereinafter Albertus Magnus) in Rockland County. At the time of the incident, the plaintiff, as a volunteer, was assisting the coaching staff of his son's baseball team, the third-party defendant, New City Baseball Association, Ltd., doing business as New City Generals (hereinafter the Generals), during baseball practice. The plaintiff alleged he was injured while running from third base into foul territory to retrieve a ball that he had failed to catch when he slipped and fell on the tile.

The plaintiff commenced this action against Albertus Magnus, the operator of the school on whose grounds the baseball field lay, and Dominican Convent of Our Lady of the Rosary, the property owner (hereinafter Dominican; together with Albertus Magnus, the school defendants), to recover damages for the injuries he contends he sustained from that fall. The school defendants then commenced a third-party action against the Generals for, inter alia, contractual indemnification. After discovery, the school defendants and the Generals separately moved for summary judgment dismissing the complaint. The school defendants also moved for summary judgment on their third-party cause of action for contractual indemnification against the Generals, and the Generals moved for summary judgment dismissing the third-party complaint. In an order dated August 4, 2015, the Supreme Court granted those branches of the respective motions of the school defendants and the Generals which were for summary judgment dismissing the complaint, granted that branch of the motion of the Generals which was for summary judgment dismissing the third-party complaint, and denied, as academic, that branch of the motion of the school defendants which was for summary judgment on their third-party cause of action for contractual indemnification against the Generals.

The plaintiff appeals from so much of the order as granted those branches of the respective motions of the school defendants and the Generals which were for summary judgment dismissing the complaint. The school defendants cross-appeal from so much of the order as granted that branch of the motion of the Generals which was for summary judgment dismissing

their third-party cause of action for contractual indemnification against the Generals and, in effect, denied, as academic, that branch of their motion which was for summary judgment on their third-party cause of action for contractual indemnification against the Generals.

The Supreme Court properly granted those branches of the respective motions of the school defendants and the Generals which were for summary judgment dismissing the complaint. According to the doctrine of primary assumption of the risk, "when an individual voluntarily participates in a sport or recreational activity, he or she consents to those commonly appreciated risks that are inherent in and arise out of the nature of the sport generally and flow from participation therein" (*Welch v Board of Educ. of City of N.Y.*, 272 AD2d 469, 469 [2000]; *see Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *Perez v New York City Dept. of Educ.*, 115 AD3d 921, 921 [2014]). "This encompasses risks associated with the construction of the playing field, and any open and obvious conditions on it" (*Perez v New York City Dept. of Educ.*, 115 AD3d at 921; *see Safon v Bellmore-Merrick Cent. High Sch. Dist.*, 134 AD3d 1008, 1009 [2015]). "If the risks are known by or perfectly obvious to the participant, he or she has consented to them and the property owner has discharged its duty of care by making the conditions as safe as they appear to be" (*Perez v New York City Dept. of Educ.*, 115 AD3d at 921; *see Turcotte v Fell*, 68 NY2d 432, 439 [1986]). " 'It is not necessary . . . that the injured plaintiff have foreseen the exact manner in which his or her injury occurred, so long as he or she is aware of the potential for injury of the mechanism from which the injury results' " (*Ferrari v Bob's Canoe Rental, Inc.*, 143 AD3d 937, 938 [2016], quoting *Maddox v City of New York*, 66 NY2d 270, 278 [1985]). Moreover, "[t]he participant's awareness of risk is not to be determined in a vacuum. It is, rather, to be assessed against the background of the skill and experience of the particular plaintiff" (*Ferrari v Bob's Canoe Rental, Inc.*, 143 AD3d at 938 [internal quotation marks omitted], quoting *Maddox v City of New York*, 66 NY2d at 278; *see Morgan v State of New York*, 90 NY2d at 486).

Here, the school defendants and the Generals both established their prima facie entitlement to judgment as a matter of law. The plaintiff's deposition testimony established that, on the date of his accident, he volunteered to assist the coaching staff at his son's baseball practice. Not only had he visited this particular baseball field at least three prior times, he had also sat along the third-base foul line, which was close to the area

where his accident occurred. The plaintiff had also served as an assistant baseball coach for his son's baseball teams for five or six years. Although the plaintiff testified at his deposition that he had never observed the tile before slipping on it, the photographs that he took the day following his accident, which he contended accurately depicted the tile and the field the way they had looked on the day at issue, demonstrate that the approximately 12-inch by 12-inch white or creamish color tile, which contrasted starkly with the color of the grass, was an open and obvious condition. There was no evidence that the tile was defective (*see Sykes v County of Erie*, 94 NY2d 912, 913 [2000]). The school defendants and the Generals established that the plaintiff had assumed the obvious and inherent risk of slipping on the grass or on the tile by electing to play baseball on that field (*see Safon v Bellmore-Merrick Cent. High Sch. Dist.*, 134 AD3d at 1010; *Perez v New York City Dept. of Educ.*, 115 AD3d at 921-922; *Mattas v Town of Hempstead*, 106 AD3d 884, 885 [2013]; *Shatzkin v Village of Croton-on-Hudson*, 51 AD3d 903, 903 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562-563 [1980]).

The Supreme Court erred in granting that branch of the motion of the Generals which was for summary judgment dismissing the third-party cause of action for contractual indemnification against it and denying, as academic, that branch of the motion of the school defendants which was for summary judgment on that third-party cause of action. The school defendants established their prima facie entitlement to judgment as a matter of law on that cause of action. "When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (*Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]). "The promise should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances" (*id.* at 491-492).

Here, the agreement required the Generals to indemnify Albertus Magnus "for any and all liability and injuries which occur or arise out of [the General's] use of the fields during the course of organizational games, practices and events . . . including reasonable attorneys fees." Although the agreement only granted the Generals a license to use the girls' softball field at specified times, it is undisputed that in March 2013 the Generals asked for, and received, permission to use the boys' baseball field, including the diamond, for their teams' activi-

ties. Additionally, the girls' softball field and boys' baseball field were part of the same contiguous field, were not separated by a fence, and the Generals' players would sometimes utilize the area of the field that constituted the boys' outfield even prior to receiving the permission of Albertus Magnus in March 2013 to use the boys' baseball diamond. As such, the school defendants established that the plaintiff's injury, which occurred on the warning track area of the boys' baseball field during practice, triggered the indemnification clause of the agreement with the Generals (*see Hooper Assoc. v AGS Computers*, 74 NY2d at 494; *see also Ezzard v One E. Riv. Place Realty Co., LLC*, 137 AD3d 648, 649 [2016]).

In opposition, the Generals failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d at 562-563). The Generals' contentions that the indemnification clause was void pursuant to General Obligations Law §§ 5-321 and 5-322.1 are without merit. The agreement constitutes a license and not a lease, and, therefore, General Obligations Law § 5-321 is inapplicable (*see Karp v Federated Dept. Stores*, 301 AD2d 574, 575 [2003]). Moreover, the indemnification clause also does not violate General Obligations Law § 5-322.1 because the subject agreement is not a construction or maintenance contract (*see Westport Ins. Co. v Altertec Energy Conservation, LLC*, 82 AD3d 1207, 1210-1211 [2011]).

The plaintiff's remaining contentions are without merit. Balkin, J.P., Sgroi, Cohen and Duffy, JJ., concur.