Marco v Tower 111, LLC (2018 NY Slip Op 03212)





Marco v Tower 111, LLC


2018 NY Slip Op 03212


Decided on May 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2018

Acosta, P.J., Friedman, Manzanet-Daniels, Kapnick, Kern, JJ.


6460 23185/13E

[*1]Joel Marco, Plaintiff,
v
Tower 111, LLC, Defendant-Respondent.
Tower 111, LLC, Third-Party Plaintiff-Respondent,
v
Golf and Body NYC, LLC, Third-Party Defendant, W & W GLASS, LLC, doing business as W & W Glass, LLC, Third-Party Defendant-Appellant.


Law Office of James J. Toomey, New York (Michael J. Kozoriz of counsel), for appellant.
Havkins Rosenfeld Ritzert & Varriale, LLP, New York (Carla Varriale of counsel), for respondent.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered December 19, 2016, which, to the extent appealed from, denied the cross motion of third-party defendant W & W Glass, Inc. (W & W) for summary judgment dismissing the third-party complaint as against it, unanimously reversed, on the law, without costs, and the cross motion granted.
Plaintiff alleges that he was injured when he tripped and fell over an industrial-sized electrical cord in defendant/third-party plaintiff Tower 111, Inc.'s (Tower) building. After plaintiff brought the main action against Tower, Tower commenced a third-party action against W & W. Tower averred that W & W, which had been engaged in a window-replacement job at the building months before plaintiff's accident, had left behind at the building, upon ceasing its work, its electrically-operated scaffold and related equipment, allegedly including the cord on which plaintiff later tripped.
Even assuming that plaintiff tripped on the cord that W & W had been using and that the cord was W & W's property (rather than Tower's property), the record establishes that no basis exists for holding W & W liable to Tower for common-law indemnification or contribution based on this accident. Tower admits that, when it directed W & W to cease its work at the building months before plaintiff's accident, it requested that W & W leave behind its scaffold and related equipment to avoid having to obtain a new permit to resume the work. W & W complied with this request, and, during the months of W & W's absence immediately preceding plaintiff's mishap, Tower repeatedly used and moved the cord for its own purposes, thereby severing any causal nexus between W & W's exercise of control over the cord and plaintiff's injury months later. Since W & W did not exercise control over the cord — the instrumentality of the harm — at any time relevant to the causation of the accident, it cannot be held liable for plaintiff's injury (see Piazza v Regis Care Ctr., LLC, 47 AD3d 551, 554 [1st Dept 2008]; Gerdowsky v Crain's New York Business, 188 AD2d 92 [1st Dept 1993]). Further, to the extent W & W may have entrusted the cord to Tower, any such entrustment would not have rendered W & W vicariously liable for Tower's subsequent negligence in dealing with the cord in the furtherance of Tower's own business (cf. Vehicle & Traffic Law § 388).
Inasmuch as Tower, on appeal, does not contest that the remaining causes of action asserted against W & W in the third-party complaint (for contractual indemnification and breach of contract to procure insurance) should have been dismissed, we reverse to grant W & W's cross motion in its entirety.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 3, 2018
CLERK