Ramos v Michael Epstein Sports Prods., Inc. (2019 NY Slip Op 04973)





Ramos v Michael Epstein Sports Prods., Inc.


2019 NY Slip Op 04973


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-02525
 (Index No. 65423/15)

[*1]Monica Ramos, et al., appellants, 
v
Michael Epstein Sports Productions, Inc., et al., respondents.


Michael Fuller Sirignano, Cross River, NY, for appellants.
Kowalski & DeVito (McGaw, Alventosa & Zajac, Jericho, NY [Andrew Zajac], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated November 29, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiffs commenced this action, inter alia, to recover damages for personal injuries allegedly sustained by the plaintiff Monica Ramos (hereinafter the injured plaintiff) while participating in an obstacle course race held at a public park in the Bronx. The event was organized and operated by the defendant Michael Epstein Sports Productions, Inc., and sponsored by the defendant Wolverine World Wide, Inc. The injured plaintiff allegedly fell when she was attempting to navigate the final portion of a rope obstacle called the "Monster Climb," sustaining serious injuries.
The defendants moved for summary judgment dismissing the complaint on the basis that the action was barred by the doctrine of assumption of risk. In opposition, the plaintiffs argued that the assumption of risk doctrine cannot apply unless the sport or recreational activity takes place at a permanent, designated facility. They also argued that there were triable issues of fact as to whether the defendants unreasonably increased the risk of the Monster Climb obstacle by erecting it on a roadway without protective mats underneath it, by allowing an unlimited number of participants on the obstacle's cargo nets at the same time, and by having staffers shout at the injured plaintiff to turn her body and hurry up. The Supreme Court granted the defendants' motion, and the plaintiffs appeal.
The "assumption of risk doctrine applies where a consenting participant in sporting and amusement activities is aware of the risks; has an appreciation of the nature of the risks; and voluntarily assumes the risks'" (Bukowski v Clarkson Univ., 19 NY3d 353, 356, quoting Morgan v State of New York, 90 NY2d 471, 484; see Altagracia v Harrison Cent. Sch. Dist., 136 AD3d 848, 849). "If the risks of the activity are fully comprehended or perfectly obvious, plaintiff has consented to them and defendant has performed its duty" (Bukowski v Clarkson Univ., 19 NY3d at 356; see Falcaro v American Skating Ctrs., LLC, 167 AD3d 721, 722; Lee v Brooklyn Boulders, [*2]LLC, 156 AD3d 689, 690). Risks which are "commonly encountered" or "inherent" in a sport, as well as risks "involving less than optimal conditions," are risks which participants have accepted and are encompassed by the assumption of risk doctrine (Bukowski v Clarkson Univ., 19 NY3d at 356; see Bryant v Town of Brookhaven, 135 AD3d 801, 802). "It is not necessary . . . that the injured plaintiff have foreseen the exact manner in which his or her injury occurred, so long as he or she is aware of the potential for injury of the mechanism from which the injury results" (Siegel v Albertus Magnus High Sch., 153 AD3d 572, 574 [internal quotation marks omitted]; see Ferrari v Bob's Canoe Rental, Inc., 143 AD3d 937, 938; Toro v New York Racing Assn., Inc., 95 AD3d 999, 1000). A participant's awareness of risk is "to be assessed against the background of the skill and experience of the particular plaintiff" (Siegel v Albertus Magnus High Sch., 153 AD3d at 574 [internal quotation marks omitted]; see Ferrari v Bob's Canoe Rental, Inc., 143 AD3d at 938; Bryant v Town of Brookhaven, 135 AD3d at 802).
Here, the defendants established their prima facie entitlement to judgment as a matter of law through the submission of the injured plaintiff's deposition testimony. She testified that she saw that there were no mats under the Monster Climb, knew that she could fall and be hurt, and knew that she did not have to attempt the obstacle, but decided to anyway. Contrary to the plaintiffs' contention, the assumption of risk doctrine is not limited to "[permanent,] designated venues," but may also be applied when a plaintiff assumes the risks of "sporting events" or "sponsored athletic and recreative activities" (Custodi v Town of Amherst, 20 NY3d 83, 89).
The plaintiffs failed to raise a triable issue of fact in opposition. They submitted no evidence demonstrating that the injured plaintiff was subjected to "unassumed, concealed or unreasonably increased risks" (Bryant v Town of Brookhaven, 135 AD3d at 803 [internal quotation marks omitted]). In addition, the injured plaintiff's affidavit presents a "feigned issue of fact, designed to avoid the consequences of her earlier deposition testimony" (Burns v Linden St. Realty, LLC, 165 AD3d 876, 877; see Odetalla v Rodriguez, 165 AD3d 826, 827; Meriweather v Green W. 57th St., LLC, 156 AD3d 875, 876), and is insufficient to defeat summary judgment.
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint.
The defendants' alternative argument for affirmance has been rendered academic in light of our determination (see Palmieri v Town of Babylon, 167 AD3d 637, 641; Mason-Mahon v Flint, 166 AD3d 754, 759; Gentry v Mean, 166 AD3d 583, 584).
MASTRO, J.P., LEVENTHAL, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court