Zhigue v Lexington Landmark Props., LLC (2020 NY Slip Op 02948)





Zhigue v Lexington Landmark Props., LLC


2020 NY Slip Op 02948


Decided on May 20, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
BETSY BARROS, JJ.


2017-01812
 (Index No. 823/13)

[*1]David Zhigue, respondent-appellant, et al., plaintiffs, 
v
Lexington Landmark Properties, LLC, et al., appellants-respondents (and a third-party action).


Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia, Glenn A. Kaminska, and Samuel P. Quatromoni of counsel), for appellant-respondent Lexington Landmark Properties, LLC.
McMahon, Martine & Gallagher, LLP, Brooklyn, NY (Patrick W. Brophy of counsel), for appellant-respondent Reidy Contracting Group.
Baxter Smith & Shapiro, P.C., Hicksville, NY (Sim R. Shapiro of counsel), for appellant-respondent Dover Street Market New York, LLC.
Morgan Levine & Dolan, P.C., New York, NY (Amit Sondhi of counsel), for respondent-appellant.
Gorayeb & Associates, P.C., New York, NY (Mark H. Edwards of counsel), for plaintiffs Manuel Japa and Segundo Japa.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the defendants, Lexington Landmark Properties, LLC, Reidy Contracting Group, and Dover Street Market New York, LLC, separately appeal, and the plaintiff David Zhigue cross-appeals, from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated January 20, 2017. The order, insofar as appealed from by the defendant Lexington Landmark Properties, LLC, granted that branch of the motion of the plaintiff David Zhigue which was for summary judgment on the issue of liability on his cause of action to recover damages for negligence insofar as asserted against it. The order, insofar as appealed from by the defendant Reidy Contracting Group, in effect, searched the record and awarded summary judgment to the plaintiff David Zhigue on the issue of liability on his cause of action to recover damages for negligence insofar as asserted against it. The order, insofar as appealed from by the defendant Dover Street Market New York, LLC, in effect, searched the record and awarded summary judgment to the plaintiff David Zhigue on the issue of liability on his cause of action to recover damages for negligence insofar as asserted against it, and denied that branch of its cross motion which was for summary judgment dismissing his amended complaint insofar as asserted against it. The order, insofar as cross-appealed from by the plaintiff David Zhigue, denied those branches of his motion which were for summary judgment on the issue of liability on his causes of action to recover damages for violations of Labor Law §§ 240(1) and 241(6).
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the plaintiff David Zhigue which was for summary judgment on the issue of liability on his cause of action to recover damages for negligence insofar as asserted against the defendant Lexington Landmark Properties, LLC, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provisions thereof which, in effect, searched the record and awarded summary judgment to the plaintiff David Zhigue on the issue of liability on his causes of action to recover damages for negligence insofar as asserted against the defendants Reidy Contracting Group and Dover Street Market New York, LLC; as so modified, the order is affirmed insofar as reviewed, with one bill of costs payable by the plaintiff David Zhigue to the defendants.
The plaintiff David Zhigue (hereinafter the plaintiff), a laborer employed by the third-party defendant Vanquish Contracting Corp. (hereinafter Vanquish), commenced this action to recover damages for personal injuries he allegedly sustained while performing subcontract work at a building owned by the defendant Lexington Landmark Properties, LLC (hereinafter Lexington), and leased to the defendant Dover Street Market New York, LLC (hereinafter Dover). Dover retained the defendant Reidy Contracting Group (hereinafter Reidy) to provide demolition work on the building, and Reidy subcontracted the work to Vanquish. The plaintiff allegedly sustained injuries when a portion of a decorative plaster ceiling above the area where the plaintiff was working fell, causing a scaffold under which the plaintiff was standing to collapse, crushing him. Insofar as relevant here, Lexington, Dover, and Reidy separately joined issue and denied the material allegations of the plaintiff's amended complaint.
Before discovery was complete, the plaintiff moved for summary judgment on the issue of liability on his cause of action to recover damages for negligence insofar as asserted against Lexington, and on his causes of action to recover damages for violations of Labor Law §§ 240(1) and 241(6) asserted against all three defendants. The defendants separately opposed the plaintiff's motion, and Dover cross-moved for summary judgment dismissing the complaint insofar as asserted against it. In an order dated January 20, 2017, the Supreme Court granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on his cause of action to recover damages for negligence insofar as asserted against Lexington, and denied those branches of his motion which were for summary judgment on the issue of liability on his causes of action to
recover damages for violations of Labor Law §§ 240(1) and 241(6) asserted against all three defendants. The court also, in effect, searched the record and awarded summary judgment to the plaintiff on the issue of liability on his causes of action to recover damages for negligence insofar as asserted against Dover and Reidy. In addition, the court denied that branch of Dover's cross motion which was for summary judgment dismissing the amended complaint insofar as asserted against it. Lexington, Dover, and Reidy appeal, and the plaintiff cross-appeals.
The Supreme Court should not have, in effect, searched the record and awarded summary judgment to the plaintiff on the issue of liability on the causes of action to recover damages for negligence insofar as asserted against Reidy (see Ecoline, Inc. v Heritage Air Systems, Inc., 161 AD3d 1045, 1045-1046). While it is well settled that the Supreme Court has the authority to search the record and grant summary judgment to a nonmoving party with respect to an issue that was the subject of a motion before the court (see CPLR 3212[b]; Dunham v Hilco Constr. Co., 89 NY2d 425, 429), here, the court, in effect, searched the record and awarded summary judgment to the movant with respect to an issue that was not the subject of the motion before the court.
The Supreme Court should not have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on his cause of action to recover damages for negligence insofar as asserted against Lexington or, in effect, searched the record and awarded summary judgment to the plaintiff on the issue of liability on his cause of action to recover damages for negligence insofar as asserted against Dover, based upon the doctrine of res ipsa loquitur. The doctrine of res ipsa loquitur applies when the injury-causing event (1) is "of a kind which ordinarily does not occur in the absence of someone's negligence"; (2) "[is] caused by an agency or instrumentality within the exclusive control of the defendant"; and (3) was not "due to any voluntary action or contribution on the part of the plaintiff" (Dermatossian v New York City Tr. Auth., 67 NY2d 219, 226 [internal quotation marks omitted]; see Dilligard v City of New York, 170 AD3d 955, [*2]956). Contrary to the Supreme Court's determination, this is not one of "the rarest of res ipsa loquitur cases" where the plaintiff's circumstantial evidence is so convincing and the defendant's response so weak that the inference of the defendant's negligence is inescapable (Morejon v Rais Constr. Co., 7 NY3d 203, 209; Hoeberlein v Bed Bath & Beyond, Inc., 124 AD3d 722, 722-723). Although the first and third elements may be satisfied in the plaintiff's favor, based upon the limited record, this standard was not met as to the second element. Even though courts do not generally apply the requirement of exclusive control as it is literally stated or as a fixed, mechanical or rigid rule (see Dermatossian v New York City Tr. Auth., 67 NY2d at 227), the plaintiff failed to demonstrate that the plaster ceiling is "structural" and, therefore, the obligation of Lexington to maintain pursuant to the terms of the lease it entered into with Dover. Moreover, the papers do not establish the plaintiff's entitlement to summary judgment against Dover on this issue, which was raised by the court sua sponte as against Dover, and was not the subject of the plaintiff's motion as against Dover.
On the limited record here, triable issues of fact exist with respect to the plaintiff's causes of action to recover damages for violations of Labor Law §§ 200, 240(1), and 241(6). Accordingly, we agree with the court's denial of those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the causes of action to recover damages for violations of Labor Law §§ 240(1) and 241(6), as well as that branch of Dover's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it.
In light of our determination, we need not consider the parties' remaining contentions.
MASTRO, J.P., BALKIN, LEVENTHAL and BARROS, JJ., concur.
ENTER
Aprilanne Agostino
Clerk of the Court