Schwartz v Ramapo (2021 NY Slip Op 04773)





Schwartz v Ramapo


2021 NY Slip Op 04773


Decided on August 25, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 25, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI, JJ.


2018-04617
 (Index No. 31638/16)

[*1]Shari Schwartz, appellant, 
v
Town of Ramapo, et al., respondents, et al., defendant.


Edelman, Krasin & Jaye, PLLC, Westbury, NY (Kara M. Rosen of counsel), for appellant.
Law Offices of Serrano & Associates, P.C., Nyack, NY (Roselina Serrano of counsel), for respondents Town of Ramapo, Town of Ramapo Parks and Recreation Department, and Ramapo Tennis Club at Rustic Brook.
Burke, Conway & Dillion, White Plains, NY (Thomas J. Burke of counsel), for respondent Oval Tennis, Inc.
Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia and Glenn A. Kaminska of counsel), for respondent Thomas Gulla, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated April 4, 2018. The order, insofar as appealed from, granted those branches of the separate motions of the defendants Town of Ramapo, Town of Ramapo Parks and Recreation Department, and Ramapo Tennis Club at Rustic Brook, the defendant Oval Tennis, Inc., and the defendant Thomas Gulla, Inc., which were for summary judgment dismissing the amended complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff commenced this action alleging that she was injured due to the negligence of the defendants Town of Ramapo, Town of Ramapo Parks and Recreation Department, and Ramapo Tennis Club at Rustic Brook (hereinafter collectively the Town), Oval Tennis, Inc. (hereinafter Oval), and Thomas Gulla, Inc. (hereinafter Gulla), when she tripped over a raised sprinkler head between tennis courts at a club owned and operated by the Town. Oval contracted with the Town to recondition the tennis courts prior to the spring opening of the club and to close the courts in the fall. Gulla was hired by the Town on an as-needed basis to repair or replace broken sprinkler heads at the club.
The Town, Oval, and Gulla separately moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against each of them. The Supreme Court granted those branches of their motions on the ground of primary assumption of risk. The plaintiff appeals.
"Pursuant to the doctrine of primary assumption of risk, a voluntary participant in a sporting or recreational activity 'consents to those commonly appreciated risks [that] are inherent in and arise out of the nature of the sport generally and flow from such participation'" (Ninivaggi v County of Nassau, 177 AD3d 981, 982, quoting Morgan v State of New York, 90 NY2d 471, 484; see Asprou v Hellenic Orthodox Community of Astoria, 185 AD3d 641, 642). "Assumption of risk is not an absolute defense but a measure of the defendant's duty of care" (Asprou v Hellenic Orthodox Community of Astoria, 185 AD3d at 642; see Turcotte v Fell, 68 NY2d 432, 439; Franco v 1200 Master Assn., Inc., 177 AD3d 858, 859). "The defendant's duty is to exercise care to make the conditions as safe as they appear to be. If the risks of the activity are fully comprehended or perfectly obvious, [the participant] has consented to them and defendant has performed its duty" (Asprou v Hellenic Orthodox Community of Astoria, 185 AD3d at 643 [internal quotation marks omitted]; see Turcotte v Fell, 68 NY2d at 439; Franco v 1200 Master Assn., Inc., 177 AD3d at 859). "Risks inherent in a sporting activity are those which are known, apparent, natural, or reasonably foreseeable consequences of the participation" (Asprou v Hellenic Orthodox Community of Astoria, 185 AD3d at 642 [internal quotations omitted]; see Franco v 1200 Master Assn., Inc., 177 AD3d at 859). "Among the risks inherent in participating in a sport are the risks involved in the construction of the field, and any open and obvious conditions of the place where the sport is played" (Philius v City of New York, 161 AD3d 787, 788 [internal quotation marks omitted]), including less than optimal conditions (see Asprou v Hellenic Orthodox Community of Astoria, 185 AD3d at 643; Zhou v Tuxedo Ridge, LLC, 180 AD3d 960, 963; Ninivaggi v County of Nassau, 177 AD3d at 982).
The Town established, prima facie, that the plaintiff assumed the risks inherent in playing tennis on "Har-Tru" tennis courts, including open and obvious sprinkler heads located between the courts. The plaintiff's testimony at a hearing pursuant to General Municipal Law § 50-h and her deposition established that she was an experienced tennis player, and she was aware that "Har-Tru" tennis courts needed to be watered, that the "Har-Tru" courts at the club were watered, and that there were sprinklers in or around the tennis courts at the club. She also knew that there were sprinkler heads on the subject tennis courts. The record demonstrated that a player coming into contact with in-ground sprinklers is an inherent risk of playing on "Har-Tru" tennis courts (see Bruno v Town of Hempstead, 248 AD2d 576, 577; see also MacIsaac v Nassau County, 152 AD3d 758, 759).
Contrary to the plaintiff's contention, the Town was not required to prove that she was aware of the specific sprinkler head on which she tripped. "It is not necessary to the application of assumption of risk that the injured plaintiff have foreseen the exact manner in which his or her injury occurred, so long as he or she is aware of the potential for injury of the mechanism from which the injury results" (Philius v City of New York, 161 AD3d at 788 [internal quotation marks omitted]; see Zhou v Tuxedo Ridge, LLC, 180 AD3d at 963; Siegel v Albertus Magnus High Sch., 153 AD3d 572, 574).
In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit of Beverley Price, a player who was present at the time of the plaintiff's accident, is insufficient to defeat summary judgment. Price's opinion that "the sprinklers were supposed to be flush with the surface of the courts" is conclusory, and her affidavit does not show that she had any specialized knowledge, experience, training, or education that would qualify her to render such an opinion (see C.N. v Pat Corsetti, Inc., 188 AD3d 1231, 1232).
The Supreme Court also properly, in effect, searched the record and awarded summary judgment to Oval and Gulla on the ground of assumption of risk although that ground was not asserted by them in their motion papers. "[I]t is well settled that the Supreme Court has the authority to search the record and grant summary judgment to a nonmoving party with respect to an issue that was the subject of a motion before the court" (Zhigue v Lexington Landmark Props., LLC, 183 AD3d 854, 856; see CPLR 3212[b]; Fair Chase Holdings II, LLC v County of Dutchess, 165 AD3d 1237, 1238). The plaintiff had a full and fair opportunity to argue why the doctrine of primary assumption of risk, which constituted a defense applicable to all of the moving defendants (cf. Dunham v Hilco Constr. Co., 89 NY2d 425, 429; Zhigue v Lexington Landmark Props., LLC, 183 AD3d at 856), did not apply to this case, and in fact availed herself of that opportunity (cf. [*2]Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45, 54; Quizhpe v Luvin Constr., 70 AD3d 912, 913-914).
The parties' remaining contentions are either without merit or academic in light of our determination.
MASTRO, J.P., DUFFY, BRATHWAITE NELSON and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court