Lovett v 2600 Seventh Ave. Realty, LLC (2025 NY Slip Op 05922)

Lovett v 2600 Seventh Ave. Realty, LLC

2025 NY Slip Op 05922

Decided on October 28, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 28, 2025

Before: Kern, J.P., Scarpulla, Mendez, Rodriguez, Rosado, JJ. 

Index No. 100515/24|Appeal No. 5059|Case No. 2025-00715|

[*1]Charles A. Lovett, Plaintiff-Appellant,
v
2600 Seventh Avenue Realty, LLC, et al., Defendants-Respondents.

Charles A. Lovett, appellant pro se.
Moritt Hock & Hamroff LLP, New York (Alexander Litt of counsel), for respondents.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered January 3, 2025, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.
In this action, which arises from two separate events, plaintiff alleges that the building superintendent for the building in which he resides shared security camera footage of him with other staff members and building tenants without his knowledge or consent. The footage showed plaintiff receiving emergency treatment at the building's front entrance while he was naked and unconscious after a stabbing at an off-site location. Plaintiff also alleges that a building porter who appeared intoxicated subjected him to unwanted sexual advances, including touching and kissing him. Approximately five months later, plaintiff reported the assault to the assistant property manager, who allegedly acknowledged that another tenant had previously complained about the porter's intoxication and "inappropriate behavior" while on duty. Two months later, the assistant property manager informed plaintiff that she had escalated plaintiff's complaint, but allegedly made victim-blaming statements in an attempt to dissuade him from pursuing legal action. Plaintiff asserted claims based on both the unauthorized dissemination of the compromising footage and the sexual assault, as well as defendants' subsequent inaction and victim-blaming statements.
As an initial matter, the court properly dismissed plaintiff's claims for invasion of privacy and intentional infliction of emotional distress as time-barred (CPLR 3211[a][5]). The statute of limitations for both claims is one year (see CPLR 215[3]; Gallagher v Directors Guild of Am., 144 AD2d 261, 262-263 [1st Dept 1988], lv denied 73 NY2d 708 [1989]). In opposition, plaintiff offered no evidence that the doctrine of continuing violation tolled the limitations periods (see Flintlock Constr. Servs., LLC v Rubin, Fiorella & Friedman, LLP, 188 AD3d 530, 531 [1st Dept 2020]).
The remaining claims were properly dismissed for failure to state a cause of action (CPLR 3211[a][7]). Plaintiff failed to sufficiently plead a claim against defendants for premises liability for the assault committed by defendants' employee. Defendants' alleged prior knowledge of the employee's intoxication and inappropriate behavior while on duty did not provide notice that he would commit sexual assault (see Piazza v Regeis Care Ctr., L.L.C., 47 AD3d 551, 553 [1st Dept 2008]). Nor did plaintiff allege that the employee had previously assaulted someone or had other relevant criminal history (cf. JG v Goldfinger, 161 AD3d 640, 640 [1st Dept 2018]). Because plaintiff alleged no facts showing that the assault was foreseeable, he failed to sufficiently plead that defendants' duty to protect him from harm encompassed the assault (see Piazza, 47 AD3d at 553).
Plaintiff's negligent infliction of emotional distress claim similarly fails because he did not allege facts establishing a breach of a duty owed to him (see generally Brown v New York Design Ctr., Inc., 215 AD3d 1, 9 [1st Dept 2023]).
The court properly dismissed plaintiff's claim against defendants for vicarious liability pursuant to the doctrine of respondeat superior because the alleged tortious conduct was not "generally foreseeable and a natural incident of the employment" (Judith M. v Sisters of Charity Hosp., 93 NY2d 932, 933 [1999]). Assuming the truth of plaintiff's allegations, it is clear that defendants' employee "departed from his duties for solely personal motives unrelated to the furtherance" of defendants' business (id.; see also Nicollette T. v Hospital for Joint Diseases/Orthopaedic Inst., 198 AD2d 54, 54-55 [1st Dept 1993]).
As to the aiding and abetting assault cause of action, plaintiff has alleged no affirmative act or words by defendants in which they knowingly assisted the employee in carrying out the assault (see Offenhartz v Cohen, 168 AD2d 268, 268 [1st Dept 1990]; Wilson v DiCaprio, 278 AD2d 25, 25-26 [1st Dept 2000]). Defendants' inaction and later victim-blaming statements could not have been substantial factors in causing or abetting the assault.
Moreover, the record before us does not support a claim for a hostile housing environment under New York State Human Rights Law (see Ewers v Columbia Hgts. Realty, LLC, 44 AD3d 608, 610 [2d Dept 2007], lv dismissed 10 NY3d 901 [2008]) and despite the victim-blaming statements made, summary judgment is still available to defendants here as they have established that "the alleged discriminatory conduct in question does not represent a 'borderline' situation" (Williams v New York City Hous. Auth., 61 AD3d 62, 80 [1st Dept 2009], lv denied 13 NY3d 702 [2009]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 28, 2025